**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

Central District of California

Case number (if known): 8:24-BK-12267-SC

Chapter you are filing under:
- ☐ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☑ Chapter 13

☐ Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

06/24

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Identify Yourself

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name**<br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br>Bring your picture identification to your meeting with the trustee. | JAMIE<br>First name<br>LYNN<br>Middle name<br>GALLIAN<br>Last name<br><br>Suffix (Sr., Jr., II, III) | First name<br><br>Middle name<br><br>Last name<br><br>Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br>Include your married or maiden names and any assumed, trade names and *doing business as* names.<br>Do NOT list the name of any separate legal entity such as a corporation, partnership, or LLC that is not filing this petition. | First name<br>Middle name<br>Last name<br>First name<br>Middle name<br>Last name<br>Business name (if applicable)<br>Business name (if applicable) | First name<br>Middle name<br>Last name<br>First name<br>Middle name<br>Last name<br>Business name (if applicable)<br>Business name (if applicable) |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | XXX – XX – 3 9 3 6<br>OR<br>9 XX – XX – ___ ___ ___ ___ | XXX – XX – ___ ___ ___ ___<br>OR<br>9 XX – XX – ___ ___ ___ ___ |

Debtor 1    **JAMIE LYNN GALLIAN**

First Name    Middle Name    Last Name

Case number (if known) **8:24-BK-12267-SC**

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **4. Your Employer Identification Number (EIN), if any.** | EIN __ __ - __ __ __ __ __ __ __ <br><br> EIN __ __ - __ __ __ __ __ __ __ | EIN __ __ - __ __ __ __ __ __ __ <br><br> EIN __ __ - __ __ __ __ __ __ __ |

**5. Where you live**

16222 MONTEREY LANE
Number    Street

SPACE 376

HUNTINGTON BEACH    CA    92649
City    State    ZIP Code

ORANGE
County

If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.

Number    Street

P.O. Box

City    State    ZIP Code

**If Debtor 2 lives at a different address:**

Number    Street

City    State    ZIP Code

County

If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address.

Number    Street

P.O. Box

City    State    ZIP Code

**6. Why you are choosing *this district* to file for bankruptcy**

*Check one:*

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

_____
_____
_____
_____

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

_____
_____
_____
_____

Official Form 101    **Voluntary Petition for Individuals Filing for Bankruptcy**    page 2

Debtor 1 __JAMIE LYNN GALLIAN__
    First Name    Middle Name    Last Name

Case number *(if known)* 8:24-BK-12267-SC

---

**Part 2:**   **Tell the Court About Your Bankruptcy Case**

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one. (For a brief description of each, see Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)). Also, go to the top of page 1 and check the appropriate box.*

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

☑ Chapter 13

---

**8. How you will pay the fee**

☑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

---

**9. Have you filed for bankruptcy within the last 8 years?**

☐ No

☑ Yes.   District __Central District-SA__   When __07/09/2021__   Case number __8:21-bk-11710-SC__
                                    MM / DD / YYYY

       District _____   When _____   Case number _____
                                    MM / DD / YYYY

       District _____   When _____   Case number _____
                                    MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No

☐ Yes.   Debtor _____   Relationship to you _____
       District _____   When _____   Case number, if known _____
                                    MM / DD / YYYY

       Debtor _____   Relationship to you _____
       District _____   When _____   Case number, if known _____
                                    MM / DD / YYYY

---

**11. Do you rent your residence?**

☑ No.   Go to line 12.

☐ Yes.   Has your landlord obtained an eviction judgment against you?

     ☐ No. Go to line 12.

     ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

---

| Debtor 1 | JAMIE LYNN GALLIAN | | Case number (if known) 8:24-BK-12267-SC |
|---|---|---|---|
| | First Name    Middle Name    Last Name | | |

## Part 3:    Report About Any Businesses You Own as a Sole Proprietor

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☑ No. Go to Part 4.

☐ Yes. Name and location of business

_____
Name of business, if any

_____
Number      Street

_____

_____
City                                    State      ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

☑ No. I am not filing under Chapter 11.

☐ No. I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

Debtor 1    **JAMIE LYNN GALLIAN**
　　　　　 First Name　　Middle Name　　　Last Name

Case number (if known) 8:24-bk-12267-SC

---

| Part 4: | Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention |
|---|---|

14. **Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

　　*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No

☐ Yes.　What is the hazard?　_____

　　　　　　　　　　　　　　_____

If immediate attention is needed, why is it needed? _____

　　　　　　　　　　　　　　　　　　　　　　_____

Where is the property?　_____
　　　　　　　　　　　Number　　　Street

　　　　　　　　　　　_____

　　　　　　　　　　　_____
　　　　　　　　　　　City　　　　　　　　State　ZIP Code

---

Debtor 1    **JAMIE LYNN GALLIAN**                    Case number (if known) 8:24-BK-12267-SC
First Name    Middle Name    Last Name

**Part 5:    Explain Your Efforts to Receive a Briefing About Credit Counseling**

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You MUST file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Debtor 1  JAMIE LYNN GALLIAN
First Name  Middle Name  Last Name

Case number (if known) 8:24-BK-12267-SC

---

**Part 6:  Answer These Questions for Reporting Purposes**

16. **What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☑ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts.

_____

17. **Are you filing under Chapter 7?**

Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?

☑ No. I am not filing under Chapter 7. Go to line 18.

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No
☐ Yes

18. **How many creditors do you estimate that you owe?**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

19. **How much do you estimate your assets to be worth?**

☐ $0-$50,000
☐ $50,001-$100,000
☑ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

20. **How much do you estimate your liabilities to be?**

☐ $0-$50,000
☐ $50,001-$100,000
☑ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**Part 7:  Sign Below**

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ /s/ JAMIE LYNN GALLIAN
Signature of Debtor 1

✗ _____
Signature of Debtor 2

Executed on 09/16/2024
MM / DD / YYYY

Executed on _____
MM / DD / YYYY

---

Official Form 101

**Voluntary Petition for Individuals Filing for Bankruptcy**

page 7

Debtor 1  **JAMIE LYNN GALLIAN**

First Name    Middle Name    Last Name

Case number (if known) 8:21-bk-11710-SC

**For you if you are filing this bankruptcy without an attorney**

**If you are represented by an attorney, you do not need to file this page.**

The law allows you, as an individual, to represent yourself in bankruptcy court, but **you should understand that many people find it extremely difficult to represent themselves successfully. Because bankruptcy has long-term financial and legal consequences, you are strongly urged to hire a qualified attorney.**

To be successful, you must correctly file and handle your bankruptcy case. The rules are very technical, and a mistake or inaction may affect your rights. For example, your case may be dismissed because you did not file a required document, pay a fee on time, attend a meeting or hearing, or cooperate with the court, case trustee, U.S. trustee, bankruptcy administrator, or audit firm if your case is selected for audit. If that happens, you could lose your right to file another case, or you may lose protections, including the benefit of the automatic stay.

You must list all your property and debts in the schedules that you are required to file with the court. Even if you plan to pay a particular debt outside of your bankruptcy, you must list that debt in your schedules. If you do not list a debt, the debt may not be discharged. If you do not list property or properly claim it as exempt, you may not be able to keep the property. The judge can also deny you a discharge of all your debts if you do something dishonest in your bankruptcy case, such as destroying or hiding property, falsifying records, or lying. Individual bankruptcy cases are randomly audited to determine if debtors have been accurate, truthful, and complete. **Bankruptcy fraud is a serious crime; you could be fined and imprisoned.**

If you decide to file without an attorney, the court expects you to follow the rules as if you had hired an attorney. The court will not treat you differently because you are filing for yourself. To be successful, you must be familiar with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the court in which your case is filed. You must also be familiar with any state exemption laws that apply.

Are you aware that filing for bankruptcy is a serious action with long-term financial and legal consequences?

☐ No

☑ Yes

Are you aware that bankruptcy fraud is a serious crime and that if your bankruptcy forms are inaccurate or incomplete, you could be fined or imprisoned?

☐ No

☑ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out your bankruptcy forms?

☑ No

☐ Yes. Name of Person_____.
Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

By signing here, I acknowledge that I understand the risks involved in filing without an attorney. I have read and understood this notice, and I am aware that filing a bankruptcy case without an attorney may cause me to lose my rights or property if I do not properly handle the case.

**X** /s/ Jamie Lynn Gallian

Signature of Debtor 1

Date  09/16/2024
MM / DD / YYYY

Contact phone _____

Cell phone  (714) 321-3449

Email address  jamiegallian@gmail,com

**X** _____

Signature of Debtor 2

Date  _____
MM / DD / YYYY

Contact phone _____

Cell phone _____

Email address _____

Official Form 101    **Voluntary Petition for Individuals Filing for Bankruptcy**    page 9

## STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LBR 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1.  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof.  If none, so indicate.  Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)
    8:03-bk-1856-JB; Chapter 7; Central District of California - Santa Ana Judge James Barr; Filed 08/04/2003; Discharged 11/17/2003
    8:21-bk-11710-SC  Chapter 7; Central District of California - Santa Ana Judge Scott Clarkson; Filed  07/09/2021

2.  (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows:  (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof.  If none, so indicate.  Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

3.  (If petitioner is a corporation)  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate.  Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

4.  (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days:  (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof.  If none, so indicate.  Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)
    Debtor filed Chapter 13 Petition on 09/09/2024 Case No. 8:24-bk-12267-SC,  on the advice of a Bankruptcy Attorney Christopher Langley.  On 9/13/24, @ 3:09pm, Debtor explained to Chapter 7 Trustee, Jeffrey I. Golden, and Counsel  why Debtor filed Chapter 13 on attorney Langley's advice.
    Debtor filed Motion to Convert Chapter 7 to Chapter 13 after discussion and on the advice of a Bankruptcy Attorney Christopher Langley.   Debtor telephoned Attorney Christopher Langley @ 4:41pm, 714-515-5868 on 09/09/2024, and was told his schedule was to busy to assist Debtor with putting together a Ch. 13 plan. Debtor therefore, is representing herself, In Pro Per and completing the plan without advice of Counsel..

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at  Huntington Beach          , California

Date:  09/16/2024

/s/ Jamie Lynn Gallian
Signature of Debtor 1

Signature of Debtor 2

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2018                              Page 1                    F 1015-2.1.STMT.RELATED.CASES

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **JAMIE LYNN GALLIAN** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Central District of California

Case number   **8:24-BK-12267-SC**
              (If known)

☐ Check if this is an
amended filing

## Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information   12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:   Summarize Your Assets

|  | Your assets<br>Value of what you own |
|---|---|
| 1. *Schedule A/B: Property* (Official Form 106A/B) | |
| 1a. Copy line 55, Total real estate, from *Schedule A/B* ............................................... | $ 539,000.00 |
| 1b. Copy line 62, Total personal property, from *Schedule A/B* ............................................... | $ 44,885.55 |
| 1c. Copy line 63, Total of all property on *Schedule A/B* ............................................... | $ 583885.55 |

### Part 2:   Summarize Your Liabilities

|  | Your liabilities<br>Amount you owe |
|---|---|
| 2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
| 2a. Copy the total you listed in Column A, *Amount of claim*, at the bottom of the last page of Part 1 of *Schedule D* ............ | $ 0.00 |
| 3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
| 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F* ............................................... | $ |
| 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F* ............................................... | + $ 396,627.00 |
| **Your total liabilities** | $ 396,627.00 |

### Part 3:   Summarize Your Income and Expenses

|  | |
|---|---|
| 4. *Schedule I: Your Income* (Official Form 106I) | |
| Copy your combined monthly income from line 12 of *Schedule I* ............................................... | $ 4,750.00 |
| 5. *Schedule J: Your Expenses* (Official Form 106J) | |
| Copy your monthly expenses from line 22c of *Schedule J* ............................................... | $ 2,210.00 |

Debtor 1    JAMIE LYNN GALLIAN
_____
First Name    Middle Name    Last Name

Case number (if known) 8:24-BK-12267-SC

---

**Part 4:    Answer These Questions for Administrative and Statistical Records**

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

   ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.
   ☑ Yes

7. **What kind of debt do you have?**

   ☒ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

   ☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

8. From the *Statement of Your Current Monthly Income*: Copy your total current monthly income from Official Form 122A-1 Line 11; **OR,** Form 122B Line 11; **OR,** Form 122C-1 Line 14.

   $    4,450.00

9. **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

   **Total claim**

   From Part 4 on *Schedule E/F*, copy the following:

   9a. Domestic support obligations (Copy line 6a.)    $    0.00

   9b. Taxes and certain other debts you owe the government. (Copy line 6b.)    $    0.00

   9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.)    $    0.00

   9d. Student loans. (Copy line 6f.)    $    0.00

   9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.)    $    0.00

   9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.)    + $    0.00

   9g. **Total.** Add lines 9a through 9f.    $    0.00

---

**Fill in this information to identify your case and this filing:**

Debtor 1      JAMIE LYNN GALLIAN
              First Name            Middle Name            Last Name

Debtor 2
(Spouse, if filing)  First Name     Middle Name            Last Name

United States Bankruptcy Court for the: Central District of California

Case number    8:24-BK-12267-SC

☑ Check if this is an
amended filing

## Official Form 106A/B

# Schedule A/B: Property                                                    12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

   ☐ No. Go to Part 2.
   ☑ Yes. Where is the property?

1.1.  16222 MONTEREY LN. Space 376
      Street address, if available, or other description

      Tr.10542, Misc.Maps bk 456/49-50

      Huntington Beach    CA    92649
      City                State  ZIP Code

      ORANGE
      County

**What is the property?** Check all that apply.
☑ Single-family home
☐ Duplex or multi-unit building
☑ Condominium or cooperative
☑ Manufactured or mobile home
☑ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: 891-569-62/178-011-16

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?        Current value of the portion you own?
$      539,000.00      $      539,000.00

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**
COT; 2014 Skyline Custom Villa subject to OC Rec. 10/18/1979 Rec.Bk 13383, Page1868 Covenants Running With The Land and 80 yr Grd Leasehold Bk. 13803 pg 640
☐ Check if this is community property (see instructions)

If you own or have more than one, list here:

1.2.  16222 MONTEREY LN. UNIT 376
      Street address, if available, or other description

      Decal # LBM 1081

      Huntington Beach    CA    92649
      City                State  ZIP Code

      ORANGE
      County

**What is the property?** Check all that apply.
☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☑ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☑ Other  Serial# AC7V710394GB/GA

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: LPT 891-568-62

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?        Current value of the portion you own?
$ _____      $ _____

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**
HCD Certificate of Legal Title
☐ Check if this is community property (see instructions)

Official Form 106A/B              Schedule A/B: Property                          page 1

Debtor 1   JAMIE LYNN GALLIAN
_____
First Name    Middle Name    Last Name

Case number (if known)  8:24-BK-12267-SC

---

1.3. _____
Street address, if available, or other description

_____

_____

City          State    ZIP Code

_____
County

**What is the property?** Check all that apply.

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**
$_____

**Current value of the portion you own?**
$_____

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

_____

☐ **Check if this is community property** (see instructions)

---

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here. ............................➔   $    539,000.00

---

## Part 2:   Describe Your Vehicles

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
☑ Yes

3.1.  Make:   KIA SPORTAGE

Model:   _____

Year:   2020

Approximate mileage:  45000

Other information: Owe Pers Loan, bal. $5000 Robert McLelland KMF Finance.

**Who has an interest in the property?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**
$       8,000.00

**Current value of the portion you own?**
$       3,000.00

If you own or have more than one, describe here:

3.2.  Make:   _____
Model:   _____
Year:   _____
Approximate mileage:  _____
Other information:

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**
$_____

**Current value of the portion you own?**
$_____

---

Official Form 106A/B                    Schedule A/B: Property                    page 2

Debtor 1    **JAMIE LYNN GALLIAN**
First Name    Middle Name    Last Name

Case number *(if known)* 8:24-BK-12267-SC

---

3.3.   Make: _____

Model: _____

Year: _____

Approximate mileage: _____

Other information:

_____

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**   **Current value of the portion you own?**

$_____   $_____

---

3.4.   Make: _____

Model: _____

Year: _____

Approximate mileage: _____

Other information:

_____

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**   **Current value of the portion you own?**

$_____   $_____

---

4.   **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**

*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☑ No
☐ Yes

4.1.   Make: _____

Model: _____

Year: _____

Other information:

_____

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**   **Current value of the portion you own?**

$_____   $_____

---

If you own or have more than one, list here:

4.2.   Make: _____

Model: _____

Year: _____

Other information:

_____

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**   **Current value of the portion you own?**

$_____   $_____

---

5.   **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here** ............................................... →   $ 3,000.00

---

Debtor 1    **JAMIE LYNN GALLIAN**
           First Name    Middle Name    Last Name

Case number *(if known)* 8:24-BK-12267-SC

---

### Part 3:    Describe Your Personal and Household Items

Do you own or have any legal or equitable interest in any of the following items?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

6. **Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware

   ☐ No
   ☑ Yes. Describe......... Major Appliances w/d, refrig, micro, dining table. hutch, side table, 6 chairs, wall-unit, sofa, end/coffee tbl, recliner, dresser, night stands, bed, linens, cooking    $ 2,500.00

7. **Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

   ☐ No
   ☑ Yes. Describe......... Wall-mounted TV, Table top TV, laptop, printer, cell phone, video cam, dvd/vcr, tv/vcr, digital rec, camera, stereo, radio, rec.player    $ 1,000.00

8. **Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

   ☐ No
   ☑ Yes. Describe......... Lladro figurines (20,) Boy/Girl Figures;    $ 1,500.00

9. **Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

   ☐ No
   ☑ Yes. Describe......... Used Treadmill    $ 250.00

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

    ☑ No
    ☐ Yes. Describe.........    $ 0.00

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

    ☐ No
    ☑ Yes. Describe......... Wardrobe, jeans, slacks, dresses, pants, shoes, uniforms, coats, jackets, purses, work boots, tennis shoes, sandals    $ 500.00

12. **Jewelry**
    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

    ☐ No
    ☑ Yes. Describe......... Non-Gold Necklaces, chains, earrings, braclets, watch,    $ 500.00

13. **Non-farm animals**
    *Examples:* Dogs, cats, birds, horses

    ☐ No
    ☑ Yes. Describe......... 2 Dogs Terriers    $ 25.00

14. **Any other personal and household items you did not already list, including any health aids you did not list**

    ☐ No
    ☑ Yes. Give specific information. ............. Crystal glasses, vases, bowls; small kitchen appliances, mixer, coffee maker    $ 1,000.00

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** .........    →    $ 7,275.00

| Debtor 1 | JAMIE LYNN GALLIAN | | | Case number (if known) 8:24-BK-12267-SC |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

## Part 4:    Describe Your Financial Assets

**Do you own or have any legal or equitable interest in any of the following?**

Current value of the portion you own?
Do not deduct secured claims or exemptions.

### 16. Cash

*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☐ No
☑ Yes....................................................................................................................................    Cash: ..................    $_____100.00

### 17. Deposits of money

*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No
☐ Yes .....................    Institution name:

| | | |
|---|---|---|
| 17.1. Checking account: | Alliant Credit Union | $ 1,010.00 |
| 17.2. Checking account: | Chase | $ 313.00 |
| 17.3. Savings account: | | $_____ |
| 17.4. Savings account: | | $_____ |
| 17.5. Certificates of deposit: | | $_____ |
| 17.6. Other financial account: | | $_____ |
| 17.7. Other financial account: | | $_____ |
| 17.8. Other financial account: | | $_____ |
| 17.9. Other financial account: | | $_____ |

### 18. Bonds, mutual funds, or publicly traded stocks

*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

☑ No
☐ Yes.................    Institution or issuer name:

| | |
|---|---|
| | $_____ |
| | $_____ |
| | $_____ |

### 19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture

☑ No
☐ Yes. Give specific information about them.....................

| Name of entity: | % of ownership: | |
|---|---|---|
| J-PAD LLC  CANCELLATION FILED 11/22/21, W/CA SOS | 100 % | $ 0.00 |
| J-SANDCASTLE LLC  CANCELLATION FILED 11/22/21 CA | 100 % | $ 0.00 |
| w/ SOS | % | $_____ |

Official Form 106A/B                     Schedule A/B: Property                                    page 5

Debtor 1    JAMIE LYNN GALLIAN

First Name    Middle Name    Last Name

Case number (if known) 8:24-BK-12267-SC

---

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☑ No
☐ Yes. Give specific        Issuer name:
    information about
    them......................    _____    $_____
                                   _____    $_____
                                   _____    $_____

**21. Retirement or pension accounts**

*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☐ No
☑ Yes. List each
    account separately.    Type of account:    Institution name:

                           401(k) or similar plan:    Fidelity federal _____    $        7,800.00

                           Pension plan:    _____    $_____

                           IRA:    _____    $_____

                           Retirement account:    _____    $_____

                           Keogh:    _____    $_____

                           Additional account:    _____    $_____

                           Additional account:    _____    $_____

**22. Security deposits and prepayments**

Your share of all unused deposits you have made so that you may continue service or use from a company

*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications
companies, or others

☑ No
☐ Yes..........................    Institution name or individual:

                           Electric:    _____    $_____

                           Gas:    _____    $_____

                           Heating oil:    _____    $_____

                           Security deposit on rental unit: _____    $_____

                           Prepaid rent:    _____    $_____

                           Telephone:    _____    $_____

                           Water:    _____    $_____

                           Rented furniture:    _____    $_____

                           Other:    Ch.13 Space 376 Rancho Del Rey Chase CC 1085751455    $        1,086.00

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

☑ No
☐ Yes..........................    Issuer name and description:

                                   _____    $_____
                                   _____    $_____
                                   _____    $_____

Official Form 106A/B                    **Schedule A/B: Property**                    page 6

Debtor 1   JAMIE LYNN GALLIAN                           Case number (if known) 8:24-BK-12267-SC
          First Name   Middle Name   Last Name

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
    26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

    ☑ No
    ☐ Yes ...................................... Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

    _____  $_____
    _____  $_____
    _____  $_____

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

    ☑ No
    ☐ Yes. Give specific
       information about them....  [                                        ]  $_____

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
    *Examples*: Internet domain names, websites, proceeds from royalties and licensing agreements

    ☑ No
    ☐ Yes. Give specific
       information about them....  [                                        ]  $_____

27. **Licenses, franchises, and other general intangibles**
    *Examples*: Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

    ☑ No
    ☐ Yes. Give specific
       information about them....  [                                        ]  $_____

**Money or property owed to you?**                                          **Current value of the
                                                                            portion you own?**
                                                                            Do not deduct secured
                                                                            claims or exemptions.

28. **Tax refunds owed to you**
    ☑ No
    ☐ Yes. Give specific information
       about them, including whether       [                    ]  Federal:  $_____
       you already filed the returns                              State:    $_____
       and the tax years. ......................                  Local:    $_____

29. **Family support**
    *Examples*: Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

    ☑ No
    ☐ Yes. Give specific information.............  [          ]  Alimony:             $_____
                                                                Maintenance:         $_____
                                                                Support:             $_____
                                                                Divorce settlement:  $_____
                                                                Property settlement: $_____

30. **Other amounts someone owes you**
    *Examples*: Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation,
       Social Security benefits; unpaid loans you made to someone else

    ☑ No
    ☐ Yes. Give specific information.............  [                    ]  $_____

Debtor 1    **JAMIE LYNN GALLIAN**
First Name    Middle Name    Last Name                    Case number (if known) 8:24-BK-12267-SC

---

31. **Interests in insurance policies**
    *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

    ☐ No
    ☑ Yes. Name the insurance company
       of each policy and list its value. ...

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| Foremost Homeowners | | $ 0.00 |
| AAA | | $ 0.00 |
| | | $ |

32. **Any interest in property that is due you from someone who has died**
    If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

    ☑ No
    ☐ Yes. Give specific information.............                                    $ _____

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
    *Examples:* Accidents, employment disputes, insurance claims, or rights to sue

    ☑ No
    ☐ Yes. Describe each claim. ...................                                    $ _____

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

    ☑ No
    ☐ Yes. Describe each claim. ...................                                    $ _____

35. **Any financial assets you did not already list**

    ☐ No
    ☑ Yes. Give specific information............ Houser Bros Co refuses to credit Space 376 CA Covid 19 Rent Relief Ck 58066665, rec. 11/3/21, Tenant #328768,  $24,301.55        $ 24,301.55

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here** .................................................................................→    $ 34,610.55

---

**Part 5:    Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.**

37. **Do you own or have any legal or equitable interest in any business-related property?**
    ☑ No. Go to Part 6.
    ☐ Yes. Go to line 38.

                                                                    Current value of the
                                                                    portion you own?
                                                                    Do not deduct secured claims
                                                                    or exemptions.

38. **Accounts receivable or commissions you already earned**

    ☑ No
    ☐ Yes. Describe.......                                                            $ _____

39. **Office equipment, furnishings, and supplies**
    *Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

    ☑ No
    ☐ Yes. Describe.......                                                            $ _____

Official Form 106A/B                    Schedule A/B: Property                    page 8

Debtor 1   **JAMIE LYNN GALLIAN**
First Name   Middle Name   Last Name

Case number (if known) 8:24-BK-12267-SC

**40. Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**
- ☑ No
- ☐ Yes. Describe....... $_____

**41. Inventory**
- ☑ No
- ☐ Yes. Describe....... $_____

**42. Interests in partnerships or joint ventures**
- ☑ No
- ☐ Yes. Describe....... Name of entity:   % of ownership:
  - _____ _____% $_____
  - _____ _____% $_____
  - _____ _____% $_____

**43. Customer lists, mailing lists, or other compilations**
- ☑ No
- ☐ Yes. **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))?
  - ☐ No
  - ☐ Yes. Describe....... $_____

**44. Any business-related property you did not already list**
- ☑ No
- ☐ Yes. Give specific information ......... $_____
  - $_____
  - $_____
  - $_____
  - $_____
  - $_____

**45.** Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached for Part 5. Write that number here ........................................................ → $_____0.00

---

**Part 6:   Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.**
If you own or have an interest in farmland, list it in Part 1.

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
- ☑ No. Go to Part 7.
- ☐ Yes. Go to line 47.

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**47. Farm animals**
*Examples:* Livestock, poultry, farm-raised fish
- ☑ No
- ☐ Yes ..................... $_____

Official Form 106A/B   Schedule A/B: Property   page 9

Debtor 1   **JAMIE LYNN GALLIAN**

First Name    Middle Name    Last Name

Case number *(if known)*   8:24-BK-12267-SC

---

48. **Crops—either growing or harvested**

☑ No

☐ Yes. Give specific
information. ..........

$ _____

49. **Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☑ No

☐ Yes.....................

$ _____

50. **Farm and fishing supplies, chemicals, and feed**

☑ No

☐ Yes.....................

$ _____

51. **Any farm- and commercial fishing-related property you did not already list**

☑ No

☐ Yes. Give specific
information. ..........

$ _____

52. **Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached
for Part 6. Write that number here** ......................................................................................... →

$ _____0.00

---

**Part 7:**   **Describe All Property You Own or Have an Interest in That You Did Not List Above**

53. **Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership

☐ No

☑ Yes. Give specific
information. ..........

$ _____
$ _____
$ _____

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ............................. →

$ _____0.00

---

**Part 8:**   **List the Totals of Each Part of this Form**

55. **Part 1: Total real estate, line 2** ................................................................................ →   $ ___539,000.00

56. **Part 2: Total vehicles, line 5**   $ ___3,000.00

57. **Part 3: Total personal and household items, line 15**   $ ___7,275.00

58. **Part 4: Total financial assets, line 36**   $ ___34,610.55

59. **Part 5: Total business-related property, line 45**   $ ___0.00

60. **Part 6: Total farm- and fishing-related property, line 52**   $ ___0.00

61. **Part 7: Total other property not listed, line 54**   + $ ___0.00

62. **Total personal property. Add lines 56 through 61.** ...........   $ ___44,885.55   Copy personal property total → + $ ___44,885.55

63. **Total of all property on Schedule A/B. Add line 55 + line 62.** ................................................   $ ___583,885.55

Official Form 106A/B                    Schedule A/B: Property                    page **10**



**myFirstAm®**   **Tax Map**                    **16222 Monterey Ln #376, Huntington Beach, CA 92649**



**Tax Map**                    **16222 Monterey Ln #376, Huntington Beach, CA 92649**

This report is only for the myFirstAm user who applied for it. No one else can rely on it. As a myFirstAm user, you already agreed to our disclaimer regarding third party property information accuracy. You can view it here: www.myfirstam.com/Security/ShowEULA. ©2005-2019 First American Financial Corporation and/or its affiliates. All rights reserved.

North



West

East

South

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:

BK 13383 PG 1868

ROBERT P. WARMINGTON
16592 Hale Avenue
Irvine, California 92714

$5.00

RECORDED AT REQUEST OF
FIRST AMER. TITLE INS. CO.
IN OFFICIAL RECORDS OF
ORANGE COUNTY, CALIFORNIA
8:01 A.M.  NOV 6 1979

LEE A. BRANCH, County Recorder

---

(Space above line for Recorder's use only)

## COVENANT RUNNING WITH THE LAND

THIS INSTRUMENT is made this *19th* day of *October*,
19*79*, by HOUSER BROS. CO., a California limited partnership
("Houser") whose sole general partners are Clifford C.
Houser and Vernon F. Houser.

### RECITALS

A.  Houser is the owner of certain real property in
the City of Huntington Beach, County of Orange, State of
California, described as Parcels 1 and 2 as shown on a Par-
cel Map recorded in Book 108, Pages 47 and 48, inclusive, of
Parcel Maps in the Office of the County Recorder of said
County (hereinafter "Parcel 1" and "Parcel 2" respectively).

B.  Concurrently herewith, Houser is leasing Parcel 1
to ROBERT P. WARMINGTON, a married man ("Warmington") by a
Ground Lease of even date herewith (the "Ground Lease"), a
memorandum of which is being recorded concurrently or
substantially concurrently with this instrument.

C.  Pursuant to the Ground Lease, Warmington may use
Parcel 1 to develop thereon single-family residences or con-
dominiums.  The Ground Lease further provides that access
to Parcel 1 from Edinger Avenue (the abutting public street)
is to be had over a portion of Monterey Lane, a private
street located on right-of-way easements on either side of
the southerly boundary of Parcel 1 with Parcel 2.  The
maintenance of the portion of Monterey Lane as to which
Warmington (and the residents of homes or condominiums to
be built by Warmington on Parcel 1) has easement rights is
the responsibility of Houser as Landlord under the Ground
Lease as provided therein.

D.  It is the intention of Houser and Warmington that
Houser's obligations under the Ground Lease also run with
and bind a portion of Parcel 2 and the successive owners
thereof as described in this instrument.

NOW, THEREFORE, in consideration of the foregoing and
other good and valuable consideration, the receipt of which
is hereby acknowledged, including without limitation, Warm-
ington's execution of the Ground Lease, Houser hereby cov-
enants, declares and agrees that Houser's obligations as

-1-

BK 13383 PG 1869

Landlord concerning Monterey Lane as set forth in Section 7.9 of the unrecorded Option Agreement between Landlord and Tenant, as optionor and optionee respectively, which preceded the execution of the Ground Lease, hereby incorporated herein by reference, are also covenants running with the portion of Parcel 2 described by extending the southerly boundary of Parcel 1 parallel to Edinger Avenue to the westerly boundary of Parcel 2, and every portion of the area so described (the "Covenant Area"), and shall bind the Covenant Area, Houser and Houser's heirs, assigns, representatives and successors in interest for the benefit of Warmington and the leasehold estate in Parcel 1 under the Ground Lease and any portions into which it may be divided, by Residential Leases (as defined in the Ground Lease) or otherwise. In the event of a breach of the foregoing covenants, or any of them, Warmington may seek any remedy available at law or in equity, including without limitation an action seeking damages, to seek specific enforcement thereof, or to enjoin the breach or continued breach thereof. It is specifically understood that any of the foregoing remedies may be employed at the option of Warmington, and the failure to do so upon any one or more of any such breach shall not be a waiver of the right to employ any of such remedies upon the continuance of such breach or any subsequent breach. As used in the foregoing, "Warmington" shall include any of Warmington's heirs, successors or representatives as well as any assignee or sublessee of Warmington's leasehold estate under the Ground Lease in Parcel 1 or any portion into which it may be divided and any leasee under a Residential Lease, Consumer Sublease or Affiliate Sublease (as defined in the Ground Lease); provided, however, lessees under such Residential Leases and sublessees under such Consumer Subleases shall not have the right to enforce such covenant except on the majority vote of the association of such lessees or sublessees formed by Warmington to manage Parcel 1. If Warmington or such lessees under such Residential Leases acquire the fee interest in all or a portion of Parcel 1, the benefit of the covenant described above shall run in favor of such fee interests and their successors therein, but subject to the same restriction concerning enforceability by residents of Parcel 1 set forth above. Nothing herein shall relieve Warmington or lessees under such Residential Leases or sublessees under such Consumer Subleases from their obligations to pay for a share in the maintenance of the portion of Monterey Lane used to gain access to Parcel 1.

IN WITNESS WHEREOF, Houser has executed this instrument on the day and year first above written.

HOUSER BROS. CO., a California limited partnership by its general partners

By  _Clifford C. Houser_
    Clifford C. Houser


By  _Vernon F. Houser_
    Vernon F. Houser

BK 13383 PG 1870

STATE OF CALIFORNIA    )
                       )  ss.
COUNTY OF ORANGE       )

On this *14th* day of *October*, 1979, before me, a Notary Public, personally appeared Clifford C. Houser and Vernon F. Houser, known to me to be the general partners of the partnership that executed the within instrument, and acknowledged to me that such partnership executed the same.

WITNESS my hand and official seal.

OFFICIAL SEAL
CHRISTINE A. BELMONTE
Notary Public-California
ORANGE COUNTY
My Commission Expires March 14, 1981

*Christine A. Belmonte*
Notary Public in and for said
County and State

- 3 -



GROUND LEASE

THIS GROUND LEASE (herein termed the "Lease"), is made as of this 19th day of October , 1991, by and between HOUSER BROS. CO., a limited partnership organized and existing under the laws of the State of California in which Clifford C. Houser and Vernon F. Houser constitute the sole general partners (herein termed the "Landlord"), whose address is Suite 204, 610 East Seventeenth Street, Santa Ana, California 92701 and ROBERT P. WARMINGTON, a married man (herein termed the "Tenant"), whose address is 16592 Hale Avenue, Irvine, California 92714 upon the following terms and conditions:

ARTICLE I
THE LEASED LAND

For and in consideration of the payment of the rentals, taxes and other charges covenanted to be paid by Tenant and of the performance of all the covenants and conditions hereinafter covenanted and provided to be observed and performed by Tenant, the Landlord hereby leases to Tenant and Tenant hereby hires from Landlord that certain parcel of real property (herein termed the "leased land"; the term "leased land" and "leased premises" may be used interchangably), situated in the County of Orange, State of California, described on Exhibit A attached hereto and by this reference made a part hereof for the term, at the rental, for the uses and purposes, and upon and subject to the covenants, conditions and restrictions hereinafter set forth. The demise of the leased land is made subject to taxes and assessments for the current fiscal year, not yet delinquent and subject to covenants, conditions, reservations, restrictions, easements, rights and rights-of-way of record.

ARTICLE II
TERM

The term of this Lease shall be for a period of eighty (80) years commencing on the date first above written and continuing until the anniversary of the eightieth (80th) year thereafter, unless sooner terminated, as hereinafter provided. Tenant shall have no option to extend the term of this Lease. This Lease shall terminate as to any portion of the leased land which is Sold and Conveyed as hereinafter provided. As hereinafter provided, this Lease shall terminate as to any portion of the leased land which is Sold and Conveyed unless Tenant elects to enter into an Affiliate Sublease or a Consumer Sublease.

ARTICLE III
USE AND DEVELOPMENT

3.01  Use.

At all times during the term of this Lease, Tenant shall be entitled to use the leased land, buildings and

HOU 000746

4

other improvements constructed thereon for single family residential use and for other purposes incidental thereto, including, without limitation, recreational facilities and sales offices, and Tenant may subdivide the leased land in connection with such single family residental use and development. Tenant covenants and agrees that it will not use or suffer or permit the leased land, buildings and other improvements constructed thereon to be used in a manner which would constitute waste or which would constitute a public or private nuisance. It is expressly understood and agreed that Tenant's construction activities upon the leased land shall not be deemed to constitute waste. As used in the foregoing, "single family residential use" includes condominiums, planned unit developments and other multiple unit developments of a similar nature.

3.02  Compliance with Laws.

Tenant covenants that during the lease term, Tenant will comply, at no cost or expense to Landlord, with all laws, ordinances, orders, rules, regulations and require- ments of all federal, state and municipal governments and appropriate departments, commissions, boards and officers thereof, which may be applicable to the leased land, build- ings and other improvements constructed thereon, or the use or manner of use of the leased land. Tenant accepts the leased land in the actual condition of the same as of the date of this Lease.

3.03  Contest.

Tenant shall have the right, after notice to Landlord, to contest by appropriate legal proceedings, without cost or expense to Landlord, the validity of any law, ordinance, order, rule, regulation or requirement of the nature herein referred to and to postpone compliance with the same, provided such contest shall be promptly and diligently prosecuted by and at the expense of Tenant and so long as Landlord shall not thereby suffer any civil, or be subject to any criminal penalties or sanctions, and Tenant shall properly protect and save harmless Landlord against any liability and claims for any such noncompliance or postponement of compliance.

3.04  Development of the Leased Land; Dedications.

3.04.01  Lessor's Cooperation: Power of Attorney.

(a)  Landlord and Tenant (at no expense to Landlord other than Landlord's time) shall take such actions and shall execute such instruments, documents, applications and/or certificates as Tenant may deem reasonably necessary or desirable to obtain requisite governmental approvals for the proposed development of the leased land or any portion thereof and/or to facilitate use and development of all or any portion of the leased land for the use permitted in Section 3.01 above, including, but not limited to, execution and delivery of the following:

-2-

HOU 000747

(i)  Instruments of dedication conforming with the provisions of this Section 3.04;

(ii)  Public utility conveyances;

(iii)  Applications to federal, state and local governmental agencies, together with all other instruments and documents reasonably necessary in order to obtain permits, reports, public reports, zoning, conditional use permits, variances and similar type items necessary for the proposed use and development; and

(iv)  Certificates to be affixed to subdivision maps, parcel maps, condominium plans and plans pertaining to the residential development.

(b)  Without limiting the foregoing, Landlord agrees to cooperate with Tenant in the development of the leased land in the manner of development set forth in Section 3.01 above, including, without limitation, attending a reasonable number of meetings with Tenant and/or jurisdictional government agencies.

(c)  In furtherance of paragraph (a) above, Landlord will, within three (3) days of a request from Tenant, execute, by one of its general partners who are named as signatories to this Lease, all of the documents or instruments described in paragraph (a).  If one of said named individuals has not executed such documents on behalf of Landlord within said period of time because of their unavailability or otherwise, Landlord, as provided in the Ground Lease (Short Form - Memorandum) executed by the parties concurretnly herewith, hereby appoints Tenant as Landlord's attorney-in-fact to sign any and all of such documents.  Notwithstanding the execution of any of such documents by Tenant as Landlord's attorney-in-fact, Landlord agrees to execute any and all of such documents upon request therefor by Tenant.  In any event, Tenant shall promptly supply Landlord with copies of any document signed by Tenant as Landlord's attorney-in-fact.

3.04.02  Dedications.  In connection with the subdivision and development of the leased land, Tenant may cause subdivision tract maps to be filed of record which will show streets within the subdivision intended for use of the "Buyers of Lots", as such terms are defined herein, and their licensees, invitees, tenants, and servants; and, with respect to such streets, and all utility easements and rights-of-way, Tenant may, at its option, offer for dedication for public use thereof only its respective leasehold interest therein, in which event Landlord shall be required to offer for dedication for public use its respective leasehold interest therein; provided, however, that the reversionary interest of Landlord in the fee simple estate of the real property comprising the leased land therein will not be offered for dedication for public use upon the recording of any such subdivision tract maps or public

-3-

HOU 000748

utility conveyances unless required by the utility or the City of Huntington Beach; or, provided further, Landlord shall complete the dedications of the property of Landlord pursuant to proceedings for Tentative Parcel Map No. 77-7 dated June 8, 1977 (subject to the undertakings of Tenant, at no cost to Landlord to improve such areas within Edinger Avenue required pursuant to the proceedings for Tentative Parcel Map 77-7).

3.05  Construction.

Except as to offsite improvements which Tenant shall construct pursuant to the proceedings under Tentative Parcel Map No. 77-7, during the term of this Lease Tenant shall have the right, but not the duty, to construct buildings and improvements upon the leased land.  All buildings and improvements now or hereafter constructed or located on the leased premises by Tenant shall be the property of Tenant.

Landlord shall have the right to approve, for architectural treatment, color and external appearance of materials and the elevation design of the improvements which Tenant intends to construct on the leased land prior to the commencement of the construction of such improvements.  Landlord shall not unreasonably withhold such approval and Landlord's sole consideration for granting or withholding such approval shall be the preservation of the esthetics of the leased land in reasonable harmony with the improvements to Landlord's adjoining mobile home park.  Within thirty (30) days of delivery to Landlord of plans showing the foregoing, Landlord shall either approve such plans in writing or give written notice to Tenant of Landlord's disapproval, specifying the reasons therefor.  Failure to so disapprove such plans within such time period shall be deemed approval thereof.  In the event of such disapproval, Tenant shall submit revised plans for Landlord's approval as aforesaid, except that Landlord's time for approving or disapproving said plans shall be shortened to ten (10) days.  If Landlord disapproves the revised plans, all rental payments hereunder shall abate until the revised plans are either approved or deemed approved pursuant to the aforesaid procedure for revised plans.  If such plans are not approved or deemed approved within ninety (90) days of their original submission to Landlord, Tenant may, at its option, terminate this Lease by written notice to Landlord.  After such plans are approved or deemed approved as aforesaid, Tenant shall have the right, without the necessity of obtaining Landlord's consent, to make minor changes to such plans which do not substantially affect the esthetic harmony of the improvements to be built on the leased land with Landlord's adjacent mobile home park.  However, Tenant shall promptly deliver to Landlord copies of all such changes as they are made.

Construction of improvements to the leased premises shall be made in all cases subject to the following conditions which Tenant covenants and agrees to observe and perform:  (a) no construction shall be undertaken until Tenant shall have procured and paid for, so far as the same

-4-

HOU 000749

may be required from time to time, all municipal and other
governmental permits and any authorizations of the various
municipal departments and government subdivisions having
jurisdiction, and the Landlord agrees to join, at the
expense of the Tenant, in the application for any such
permits or authorizations whenever such action is necessary;
and (b) all work done in connection with such construction
shall be done promptly using quality materials and in a
good and workmanlike manner at no cost or expense to Land-
lord and in compliance with the applicable municipal build-
ing and zoning laws and with all other laws, ordinances,
orders, rules, regulations and requirements of federal,
state and municipal governments and appropriate departments,
commissions, boards and officers thereof; the cost of all
construction shall be paid in cash or its equivalent, so
that the leased land shall at all times be free of liens for
labor and materials supplied to the leased land.

Tenant agrees to (i) indemnify Landlord against and
to hold Landlord harmless from any and all damages of any
nature suffered by owners of adjacent property (including
Landlord) by reason of the acts or negligence of Tenant
on the leased land; and (ii) protect the land and improve-
ments of adjoining owners (including Landlord) against
damage caused by said construction and improvements of the
leased land as required by law.

Landlord shall have the right at any time and from time
to time to post and maintain on the leased land such
notices as may be necessary to protect the leased land
and Landlord from mechanic's liens, materialmen's liens or
liens of a similar nature. On or before ten (10) days
prior to the commencement of any work of improvement by
Tenant on the leased land, Tenant shall give notice thereof
to Landlord and with the date expected by Tenant for the
commencement of such construction.

Tenant may at any time alter, improve or remodel any
building, structure or other improvement constructed or
placed by Tenant on the leased land.

3.06 Residential Leases.

3.06.01 Definitions.

(a) The term "Placed under Development" for
purposes of this Lease shall mean all those portions of the
leased land which shall, subsequent to the date hereof, be
made the subject of a recorded subdivision map or parcel map
(including all streets, easements and rights-of-way within
the areas covered by any such subdivision map or parcel
map), together with those portions of the leased land
hereafter conveyed or dedicated by Tenant for public utility
purposes.

(b) The term "Lot" shall mean any lot into
which the leased land or any portion thereof has been
subdivided, and as used herein, shall include, without
limitation, any condominium into which the leased land or

-5-

HOU 000750

any portion thereof has been divided pursuant to the pro-visions of Section 1350, et seq., of the California Civil Code.

(c)   The term "Buyer" is defined to mean any person, firm or corporation who is a purchaser of any structure located or to be located upon any Lot and who executes a Residential Lease or a Consumer Sublease as lessee.

(d)   The term "Sold and Conveyed", as used herein, is defined to mean the execution and delivery of a Residential Lease or a Consumer Sublease, the term of which shall (i) commence concurrently with delivery; (ii) in the case of a Residential Lease be equivalent with the then remaining term of this Lease; and (iii) in the case of a Consumer Sublease be equivalent to the then remaining term of this Lease less one (1) day.

(e)   The term "Residential Lease", as used herein, shall mean a lease between Landlord and any Buyer (and the homeowners association in the case of common facilities with appropriate modifications) in the form attached hereto as Exhibit "B", and by this reference incorporated herein and made a part hereof as if set forth in full herein, with appropriate modification if the im-provements are sold as condominiums.

(f)   The term "Consumer Sublease" shall be defined in Section 3.08(b) below.

3.06.02   *Execution of Residential Leases.*

(a)   After Tenant shall have first obtained the appropriate governmental approvals, Tenant may offer the Lots be Sold and Conveyed to the general public together with, at the election of Tenant, an appurtenant membership in any homeowners association organized and incorporated to be the lessee of a Residential Lease of the common facilities, hereafter provided and/or to administer subdivi-sion servitudes.  It is the intention of the parties that Tenant shall sell the building and other improvements it constructs on the Lots to Buyers.  All amounts received by Tenant upon the sale of improvements shall be the sole property of Tenant, and the Landlord shall not be entitled to any portion thereof.

(b)   When each Lot is Sold and Conveyed Landlord will execute, within fifteen (15) days following the request of Tenant, individual Residential Leases with the Buyers.  Each Residential Lease shall be subject to no monetary encumbrances other than current taxes; however each Lot shall, at the election of Tenant, be subject to sub-division servitudes (if such be the case, such servitudes shall be mutually approved in writing by Landlord, who agrees not to unreasonably withhold its consent, and by Tenant) and each Buyer's estate shall be subject to appro-priate assessments for upkeep and replacement of common

-6-

HOU 000751

facilities.  This Lease shall, upon the commencement of the lease term of each Residential Lease, terminate as to the real property covered by the Residential Lease.  The improvements on any Lot shall remain the sole property of the Buyer.  This Lease shall also terminate upon the conveyance or dedication of any portion of the leased land to a public entity or public utility.

(c)  At all times the total of the basic rental remaining payable under this Lease and the basic rental payable under the aggregate of the Residential Leases shall be equal to the rental payable under Article IV of this Lease as if no Lots had been Sold and Conveyed.  For the purposes of the foregoing, each Residential Lease, which may be terminated by Landlord, as lessor, by reason of an event of default by the Buyer under a Residential Lease, shall nevertheless for the purposes of this provision be deemed to still be in effect and the rental which would have been paid thereunder shall be accounted for with respect to the foregoing determinations.  It is anticipated by the parties that the basic rental as provided for herein shall be uniformly divided among the Lots.  Tenant shall be discharged and exonerated under this Lease as to each Lot Sold and Conveyed; however, Tenant shall nevertheless remain obligated with respect to all covenants made by Tenant with Buyers and for all warranties and representations, express or implied, in favor of the Buyers; Tenant shall indemnify and hold Landlord free and harmless from all liability with respect to such covenants, warranties and representations in favor of Buyer whether or not disclosed to Landlord.

3.07  Common Facilities.

Tenant may choose to construct within portions of the leased land Placed under Development recreational or other common facilities (which shall include streets) for the use and enjoyment of Buyers and convey such facilities to an association organized and incorporated to acquire the same.  Upon such conveyance and upon request of Tenant, Landlord shall execute a Residential Lease or Consumer Sublease, as lessor, with such association, as lessee, for a term equivalent to the unexpired period of this Lease, at basic rental of ONE ($1) DOLLAR per year.  The land area of such recreational or common facilities (exclusive of streets) shall not exceed twenty-six thousand eight hundred (26,800) square feet without Landlord's prior written approval if a multi-phase development is elected.  No Lot or Lots of the common facilities shall be Sold and Conveyed unless and until the following conditions shall have occurred:

(a)  Tenant shall have first obtained the governmental approvals necessary to permit all Lots (or in the case of a multi-phase development, the Lots within the initial phase) benefited by such common facilities to be Sold and Conveyed to Buyers.

(b)  No less than forty (40%) percent of all buildings and other improvements to the Lots (or in the case

-7-

HOU 000752

of a multi-phase development, no less than forty (40%) percent of the lots within the initial phase) benefited by such common facilities shall have been substantially completed, or, in the event a condominium development is elected, completion assured by surety arrangements approved by the California Department of Real Estate).

(c)   The mortgagee, as that term is hereafter defined, shall have executed and delivered a reconveyance of any lien on the Lot or Lots of the common facilities so conveyed to such association.

(d)   The construction of the common facilities shall have been fully completed or completion assured by surety arrangements approved by the California Department of Real Estate.

### 3.08  Tenant's Right to New Leases; Consumer Subleases.

(a)   Tenant, at any time and from time to time may at its election designate certain parcels of the leased land to be subject to separate leases between Tenant and Landlord.  Without limiting the generality of the foregoing, Tenant may obtain hereunder separate leases for some or all of the Lots into which the leased land is divided.  These parcels shall comply with all requirements of the Subdivision Map Act and all other applicable laws.  Upon written request by Tenant, Landlord shall execute new leases to parcels of the leased land as designated by Tenant and shall amend this Lease to reflect that such parcels are no longer subject to this Lease.  The terms and conditions of the new leases and this Lease, as amended, shall be the same as the terms and conditions of this Lease with the exception that the annual rent shall be divided among the leases based on the proportion which the square footage of the parcel governed by any such lease bears to the total square footage of the leased land.  Notwithstanding the foregoing, in the event that Tenant designates a Lot for a separate lease hereunder, the annual rent payable under the lease for such Lot shall be equal to the annual rent payable under this Lease multiplied by a fraction, the numerator of which is one and the denominator of which is the total number of Lots into which the leased land is divided.

(b)   As to such Lots for which Tenant has obtained separate leases, and notwithstanding any other provision of this Article III, Tenant may elect to enter into a sublease with the Buyer of any such Lot in the form attached hereto as Exhibit D with appropriate amendments if the Lots are Sold and Conveyed as condominiums (referred to in this Lease as a "Consumer Sublease") instead of causing such Lot to be Sold and Conveyed pursuant to a Residential Lease.  This Lease shall not terminate when any such Lot is Sold and Conveyed pursuant to a Consumer Sublease.  Tenant, or its permitted development sublessee, as provided in Section 6.01.03 below, may offer Lots to be Sold and Conveyed to the public as provided in Section 3.06.02(a), but reading "Consumer Sublease" for "Residential Lease" therein.  Tenant may sublease common facilities Lots to a homeowners associa-

-8-

HOU 000753

tion formed from among Buyers under Consumer Subleases as appropriately modified, but subject to the restrictions of Section 3.07 above.  The use of Consumer Subleases shall not affect, among other things, Landlord's obligation under Section 3.04.02 or Tenant's ability to impose subdivision servitudes providing for assessments against Buyers as provided in Section 3.06.02(b).

(c)  Tenant shall be solely liable with respect to all covenants made by Tenant with Buyers and for all warranties and representations, express or implied, in favor of the Buyers under the Consumer Subleases.  Tenant shall indemnify and hold Landlord free and harmless from all liability with respect to such covenants, warranties and representations in favor of Buyer whether or not disclosed to Landlord.

(d)  Landlord hereby agrees with Tenant for the benefit of all Buyers under Consumer Subleases that:

(i)  So long as such Buyer is not in default in the payment of rental or other charges due under the Consumer Sublease or in the performance of any of the other terms, covenants or conditions of the Consumer Sublease on such Buyer's part to be performed, such Buyer's possession of the Lot subject to such Consumer Sublease and such Buyer's other rights and privileges under the Consumer Sublease shall not be interfered with by the Landlord, its successors or assigns.

(ii)  Should this Lease be terminated prior to the expiration of the term hereof or any extensions of said term for any reason whatsoever, including without limitation, as a result of Tenant's breach thereof or default thereunder, the Consumer Sublease shall continue in full force and effect as a direct lease between Landlord and the Buyer under the Consumer Sublease, upon and subject to all of the terms, covenants and conditions of the Consumer Sublease for the balance of the term thereof remaining, provided that such Buyer attorns to Landlord in writing.  Notwithstanding the foregoing, Landlord shall not be bound by any act or omission of Tenant as the prior sublessor under the Consumer Sublease.  Landlord shall not be bound by any prepayment of rent (other than through the Payment Agreement referred to in subparagraph 3.08(d)(iv)) or other charges which such Buyer might have paid for more than three (3) months in advance to Tenant as the prior sublessor, and Landlord shall not be bound by any amendment to or modification of any Consumer Sublease or by any waiver or forbearance on the part of Tenant as the prior sublessor thereunder made or given without the written consent of Landlord.

(iii)  If, the provisions of the foregoing notwithstanding, a Consumer Sublease is terminated by reason of any termination of this Lease, it is hereby agreed that the Buyer under such Consumer Sublease and

-9-

HOU 000754

May-01-02  04:18pm  From-ROTAN & TUCKER LLP,                    714-546-9035          T-234  P.11/28  F-670

Landlord shall enter into a new lease upon the terms and conditions of the Consumer Sublease for the then remaining balance of the term of the Consumer Sublease.

(iv)  In the event that such Consumer Subleases shall call for the payment of rent less frequently than quarter annually, the provisions of subparagraph 3.08(d)(ii) shall only be applicable if Landlord and Tenant enter into a Payment Agreement under the terms of which all rental to be paid by Buyers under the terms of the Consumer Sublease will be paid to a neutral depository, such as a bank, savings and loan, trust company or escrow company.  Such neutral depository shall be instructed to remit to lessor from such sum collected the amount due under this Lease attributable to the Lot subject to the Consumer Sublease and to remit the balance to the Tenant.

## ARTICLE IV
### RENTAL

4.01    Basic Rental.

Tenant agrees to pay to Landlord as basic rental for the use and occupancy of the leased land, an annual sum of SEVENTY-TWO THOUSAND TWO HUNDRED TWENTY ($72,220.00) DOLLARS calculated at TEN THOUSAND ($10,000.00) DOLLARS per acre, multiplied by 7.222 acres, being the number of acres within Parcel 1 of Parcel Map recorded in Book 108, pages 47 and 48, inclusive, Official Records of Orange County, California, subject to adjustment as provided in Section 4.03 below.  Basic rental shall be payable in twelve (12) equal monthly installments of SIX THOUSAND EIGHTEEN DOLLARS AND THIRTY-THREE CENTS ($6,018.33) each, due and payable in advance on the first day of each calendar month during the term hereof, without deduction or offset, in lawful money of the United States of America at such place as Landlord from time to time shall direct in writing to Tenant.

4.02    Commencement of Rentals.

Rental payments shall commence on the first day of the calendar month next following the date first above written if such date be a date other than the first day of a calendar month.  In addition to the first full month's rent, Tenant shall pay at such time an additional pro rata rent representing the period between the term commencement date and the first day of the next succeeding calendar month, based on a thirty (30) day month and a three hundred sixty (360) day year.

4.03    Adjusted Rental.

(a)  When a Residential Lease, but not a Consumer Sublease, is Sold and Conveyed, the basic rental payable by Tenant shall be reduced by the amount of rental payable to Landlord under such Residential Lease.

-10-

HOU 000755

May-01-02  04:18pm   From-KUTAK & TUCKER LLP,                  714-540-9035              T-234  P.12/28  F-870

(b)  Upon the expiration of the twentieth (20th),
fortieth (40th) and sixtieth (60th) year of the term of this
Lease, the rental payable hereunder shall be adjusted to a
sum equal to eight (8%) percent of the unimproved fair
market value of the leased land, or any portion then re-
maining subject to this Lease, at the end of said twentieth
(20th), fortieth (40th) or sixtieth (60th) year, as the case
may be.  After any such adjustment of rental, Tenant shall
pay to Landlord such rental as so adjusted during the period
applicable thereto at the times and in the manner provided
in Section 4.01 above; provided, however, in no event shall
the rental as so adjusted be less than an annual rental at
least equal to TEN THOUSAND ($10,000.00) DOLLARS per acre
for the portion of the leased land then subject to this
Lease (calculated to exclude the area of the reserved
easement described in Exhibit A).  If, upon the expiration
of the twentieth (20th), fortieth (40th) or sixtieth (60th)
year, as the case may be, the parties hereto shall have
failed to agree upon such adjusted rental, the fair market
value of the leased land (or portion thereof then subject to
this Lease), as unimproved, and the adjusted rental, shall
be determined by arbitration pursuant to subparagraph (c) of
this Section.

(c)  Within ten (10) days of the expiration of the
twentieth (20th), fortieth (40th) or sixtieth (60th) year of
the term of this Lease, as the case may be, each of the
parties hereto shall appoint in writing an arbitrator and
give written notice thereof to the other party; or, in case
of the failure of either party so to do, the other party may
apply to the Superior Court of Orange County, California, to
appoint an arbitrator to represent the defaulting party in
the manner prescribed in the then existing statutes of the
State of California, applicable to arbitration, the pro-
visions of which statutes shall apply to and govern the
arbitration herein provided for with the same effect as
though incorporated herein.  Within ten (10) days after the
appointment of said two (2) arbitrators (in either manner),
they shall appoint, in writing, a third arbitrator and give
written notice thereto to Landlord and Tenant and, if they
shall fail to do so, then either party hereto may make
application to said Superior Court to appoint such third
arbitrator in the manner prescribed in said arbitration
statutes.

The three (3) arbitrators so appointed (in either
manner) shall promptly fix a convenient time and place in
the County of Orange for hearing the matter to be arbitrated
and shall give reasonable written notice thereof to each of
the parties hereto and with reasonable diligence shall hear
and determine the matter in accordance with the provisions
hereof and of said arbitration statutes, and shall execute
and acknowledge their award thereon in writing and cause a
copy thereof to be delivered to each of the parties hereto,
and the award of a majority of said arbitrators shall
determine the question arbitrated, and a judgment may be
rendered by said Superior Court confirming said award, or
the same may be vacated, modified or corrected by said Court

-11-

HOU 000756

May-01-02  04:19pm  From-RUTAN & TUCKER LLP,                714-546-8050           T-234  P.13/28  F-870

at the instance of either of the parties hereto, in accor-
dance with said arbitration statutes, and said judgment
shall have the force and effect as provided in said
statutes.

Each of the parties hereto shall pay for the services
of its appointee, attorneys and witnesses and one-half (1/2)
of all other proper costs of arbitration. Pending the final
decision of such adjusted rental, Tenant shall pay to
Landlord the amount of rent previously payable under Section
4.01 above as adjusted pursuant to Section 4.03(a) above.
If such adjusted rental, as finally determined, shall exceed
the amount of the previous rental, the excess amount ac-
cruing during the interim period shall be paid by Tenant to
Landlord within thirty (30) days after the final determina-
tion of said adjusted rental. If such adjusted rental, as
finally determined, shall be less than such previous rental,
the amount of any excess paid by Tenant during said interim
period shall be credited against the first rentals there-
after payable hereunder.

**ARTICLE V**
**TAXES AND ASSESSMENTS**

5.01   Tenant to Pay Taxes and Assessments.

In addition to the basic rental, Tenant shall
pay and discharge all taxes and general and special assess-
ments which may be levied upon or assessed against the
leased land (or the portion thereof being subject to this
Lease at the time such taxes become payable), and all
interest therein and all improvements and other property
thereon, and upon all rentals payable on this Lease (in the
event that county secured real property taxes be assessed in
whole or in part either on an ad valorem basis upon the
leased land or upon rentals payable under the terms of the
Lease thereof) as such taxes and assessments become due and
payable during the term of this Lease. Taxes and assess-
ments for the current fiscal year shall be prorated between
Landlord and Tenant to the term commencement date. Tenant
shall pay each installment of said taxes and assessments not
later than the delinquency date thereof. Notwithstanding
the foregoing, if Tenant shall, in good faith, contest the
validity of said taxes and assessments, then Tenant, upon
furnishing a sufficient surety bond to Landlord, may with-
hold payment pending settlement of its claim or may pay the
same under protest and, in either case and at Tenant's
expense, shall defend itself and Landlord against the same
and shall pay and satisfy any adverse judgment that may be
rendered thereon before the enforcement thereof against
Landlord or the leased land. Landlord shall remain re-
sponsible for its income tax payable on revenue derived from
this Lease and all estate, inheritance, gift taxes and taxes
of a similar nature.

5.02   Tenant's Indemnity Re Taxes and Assessments.

Tenant agrees to protect and hold harmless Landlord
and the leased land and all improvements in, on and about

-12-

HOU 000757

May-01-02  04:19pm  From-RUTAN & TUCKER LLP,              714-546-9035      T-234  P.14/28  F-670

the leased land from all liability for any taxes and as-
sessments for which Tenant is obligated pursuant to Section
5.01 above, together with any interest, penalties or other
charges imposed and from any sale or other proceeding to
enforce payment thereof.

### 5.03  Lack of Separate Assessment.

Tenant's obligations pursuant to Section 5.01 presume
that the county tax assessor will separately assess the
leased land and will send the tax bill therefor directly to
Tenant.  If the assessor sends the tax bill to Landlord,
Tenant agrees to make the payments required under Section
5.01 within ten (10) days after Tenant's receipt from
Landlord of a copy of any tax bill received by Landlord.

### 5.04  Tenant Entitled to Refund.

It is agreed that any refund made in any taxes or as-
sessments paid by Tenant pursuant to this Article shall be
the sole property of Tenant, and if any such refund is mis-
takenly paid to Landlord, Landlord agrees to immediately,
and in no event later than three (3) days, pay the same
over to Tenant.

### 5.05  Installment Election for Assessments.

Notwithstanding any other provision of this Article,
Tenant may elect, as to any assessment levied against the
leased land during the term of this Lease, to take advan-
tage of the ability to cause such assessments to be payable
in installments instead of in a lump sum.  In such event,
Tenant shall only be responsible to pay the installments
which come due and payable during the term hereof.


## ARTICLE VI
## ASSIGNMENT AND ENCUMBRANCE

### 6.01  When Landlord's Consent Required.

6.01.01  Landlord's Consent Required.  Except as
provided in Article III and in this Article VI, Tenant shall
not encumber, assign or otherwise transfer this Lease, or
sublet the whole or any part of the leased land without the
prior written consent and approval of Landlord, which
consent shall not be unreasonably withheld.  Except as
otherwise so permitted in this Lease, no assignment or other
transfer, whether voluntary or involuntary, by operation of
law, under legal process, by receivership, in bankruptcy, or
otherwise, shall be valid or effective without the express
prior written consent and approval of Landlord.

6.01.02  Assignments For Which Landlord's Consent
Not Required.

(a)(1)  If the Tenant be Robert P. Warming-
ton, Tenant shall have the right, without obtaining Land-

-13-

HOU 000758

lord's consent, to assign its interest under this Lease
to The Robert P. Warmington Co., a California corporation
(as used herein The Robert P. Warmington Co. includes any
corporation which succeeds to the assets of such corporation
by merger, consolidation or purchase), to any other corpora-
tion in which Tenant (or The Robert P. Warmington Co.) has
greater than a fifty (50%) percent proprietary interest, to
any partnership or joint venture in which Tenant (or The
Robert P. Warmington Co.) or any such other corporation or
entity is the managing partner and to the heirs, devisees
and personal representatives of Optionee.

(a)(2)   If the Tenant be The Robert P.
Warmington Co., a California corporation (or successor as
provided in subsection (a)(1) above), Tenant shall have the
right, without obtaining Landlord's consent, to assign its
interest under this Lease to Robert P. Warmington, an
individual, to any corporation in which Tenant or said
individual has greater than a fifty (50%) percent proprie-
tary interest, to any partnership or joint venture in which
Tenant or said individual or any such corporation or
entity is the managing partner, and to any corporation
or other entity which succeeds to Tenant's interest by
merger, consolidation or by sale of all or substantially all
of Tenant's assets.

(b)   Tenant shall further have the right to
assign its interest under this Lease to any individual,
corporation or entity which, at the time of the assignment,
has a net worth of not less than THREE MILLION ($3,000,000)
DOLLARS and has experience substantially equal to that of
Tenant in building and marketing single-family residences of
the type to be built on the leased land.  Robert P. Warming-
ton and The Robert P. Warmington Co. shall each be consider-
ed as having identical experience.

(c)   In the event of any assignment which
complies with the foregoing, the assignor shall be released
of any and all liability arising under this Lease from and
after the effective date of the assignment.

(d)   Notwithstanding the foregoing, within ten
(10) days of a request therefor, Landlord shall execute an
instrument in recordable form consenting to any assignment
or other transfer made without its consent pursuant hereto.

6.02  Hypothecation.

Landlord agrees and consents that Tenant may, without
Landlord's prior consent, at any time and from time to time,
mortgage, encumber, assign and hypothecate by mortgage
or deed of trust (either of which is herein termed a "mort-
gage") all right, title and interest of Tenant in the
leasehold estate created by this Lease to a lender (herein
called "mortgagee").  Notwithstanding the foregoing, within
ten (10) days of a request therefor from Tenant, Landlord
agrees to execute an instrument in recordable form consent-
ing to any such mortgage, encumbrance, assignment or hypo-

-14-

HOU 000759

thecation.  If, notwithstanding the foregoing, Tenant's
leasehold interest hereunder terminates under such fore-
closure, assignment in lieu of foreclosure, the mortgagee
shall be entitled to a new lease upon the same terms as this
Lease and subject only to those things caused, created or
consented to by Landlord to which Tenant's leasehold estate
hereunder is subject as of the date of the recordation of
the mortgage.

Except as hereinafter otherwise provided, the mortgage
and all rights thereunder shall be subject to each and every
of the covenants, conditions and restrictions of this Lease,
and the same shall be subject to all rights and interest of
Landlord, none of which shall be deemed waived by the
foregoing consent.  Tenant agrees to furnish to Landlord
copies of all instruments, indentures or agreements executed
by Tenant, and to be recorded, to perfect the hypothecation
of the leasehold estate to a mortgagee.

Any mortgagee shall have the right at any time during
the term hereof while this Lease is in full force and
effect:

(a)  To do any act required of Tenant hereunder,
and all such acts done or performed shall be effective
to prevent a forfeiture of Tenant's rights hereunder as
if the same had been done or performed by Tenant; and

(b)  To rely on the security afforded by the
leasehold estate and to acquire and to succeed to the
interest of Tenant hereunder by foreclosure, whether by
judicial sale, by power of sale contained in any security
instrument, or by assignment given in lieu of foreclosure,
and thereafter convey or assign title to the leasehold
estate so acquired to any other person, firm or corporation
without the consent of Landlord as to the such initial
transfer.

Landlord shall give written notice to mort-
gagee of any default by Tenant.  Landlord shall not termi-
nate this Lease by reason of such default of Tenant if the
mortgagee shall:

(1)  Cure such default within sixty (60)
days after service on mortgagee of written notice
from Landlord of Landlord's intention to terminate
this Lease, except, however, (if the same cannot
be cured by payment of rent, taxes, assessments
and insurance premiums and other cash charges payable
by Tenant hereunder within sixty (60) days) mortgagee
shall have a reasonable time after sixty (60) days
within which to cure such default so long as mortgagee
is proceeding to cure such default with reasonable
diligence, or

(ii)  Undertake on or before the expiration of
said sixty (60) days or said reasonable time, in
writing to perform all covenants of this Lease capable

-15-

HOU 000760

May-01-02  04:20pm  From-RUTAN & TUCKER LLP,                    714-546-9035            T-234  P.17/28  F-670

of performance by mortgagee. In the event of such undertaking, or in the event such default is not susceptible of being cured by mortgagee, such default shall be deemed cured if mortgagee shall proceed in a timely and diligent manner to accomplish the foreclosure of Tenant's interest; provided, however, that if said foreclosure proceedings shall be subject to leave of any court (as in the case of a bankruptcy proceeding) and such leave shall have been applied for but not obtained by mortgagee, such default shall be deemed cured nevertheless, if mortgagee shall have attempted to obtain such leave in a timely and diligent manner. The obligation of mortgagee for the performance of the terms of this Lease shall terminate upon the sale, transfer or assignment of the right, title and interest of mortgagee in the leasehold estate to any other person, firm or corporation.

Any provisions contained in this Lease to the contrary notwithstanding, any mortgagee or its assignee may enforce such mortgage and acquire title to the leasehold estate in any lawful manner and, pending foreclosure of any such mortgage, may take possession of and rent the leased land and upon foreclosure of such mortgage may, without further consent of Landlord, sell, transfer or assign the leasehold estate or sublet the leased land. Any purchase money, mortgage or deed of trust delivered in connection with any such assignment or transfer shall be entitled to the benefit of all of the provisions of this Lease regarding the rights of a mortgagee. Any person acquiring the leasehold estate from mortgagee shall, as a condition precedent to the enjoyment of the leasehold estate, assume in writing the liability for the performance of the obligations imposed upon Tenant by the terms of this Lease. Mortgagee shall furnish Landlord with an executed copy of the instrument of assignment or transfer and a copy of the undertaking made in accordance with the foregoing provisions. Upon said assumption the assignor shall be released from all obligations for performance of the terms of this Lease.

The foregoing provisions do not give any person the right to mortgage, hypothecate or otherwise encumber or to cause any liens to be placed upon the freehold estate of Landlord, nor shall the foregoing provisions in any event be construed as resulting in a subordination in whole or in part of the freehold estate of Landlord to any indebtedness of Tenant.

Notwithstanding the foregoing provisions, until such time as the indebtedness of Tenant to mortgagee shall have been fully paid, Landlord shall not, without the prior written consent of mortgagee first had and obtained, accept any surrender of this Lease, consent to any modification hereof or consent to the assignment hereof, or of any part or portion, of the term created thereby or of any interest therein; provided, however, at the time a Lot is Sold and Conveyed by a Residential Lease, there shall be recorded a reconveyance of the lien of the mortgagee covering such Lot Sold and Conveyed by a Residential Lease.

-16-

HOU 000761

6.03  Subleases For Which Landlord's Consent Not Required.

        (a)   Landlord's consent shall not be required for
any Consumer Subleases or for any subsequent transfer of the
subleasehold estate thereunder.

        (b)   Tenant shall have the right, without Land-
lord's prior consent, to sublease its leasehold estate
hereunder to any person or entity described in Section
6.01.02(a)(1).   Said sublease is herein referred to as an
"Affiliate Sublease".

ARTICLE VII
LIENS

        Tenant shall not suffer or permit to be enforced
against the leased land, or any part thereof, any
mechanics', laborers', materialmen's, contractors', subcon-
tractors', or any other liens arising from or any claim for
damages growing out of any work of construction or improve-
ment, or any other claim or demand howsoever the same may
arise, but Tenant shall pay or cause to be paid all of said
liens, claims and demands before any action is brought to
enforce the same against the leased land, and Tenant hereby
indemnifies and agrees to hold Landlord and the leased land
free and harmless from all liability for any and all such
liens, claims and demands, together with all costs and
expenses, including, but not limited to, attorneys' fees and
court costs incurred by Landlord in connection therewith,
and Landlord shall have the right, at any time and from time
to time, to post and maintain on the leased land, or any
part thereof, such notices of nonresponsibility as desired
by Landlord or as may be provided by law.  Notwithstanding
anything to the contrary contained in this paragraph, if
Tenant shall, in good faith, contest the validity of any
such lien, claim or demand, then Tenant shall, at its
expense, defend itself and Landlord against the same and
shall pay and satisfy any adverse judgment that may be
rendered thereon before the enforcement thereof against
Landlord or the leased land, and if Landlord shall require,
Tenant shall furnish to Landlord a surety bond satisfactory
to Landlord in an amount equal to such contested lien, claim
or demand indemnifying Landlord against liability for same;
or, if Landlord shall request, Tenant shall procure and
record the bond provided for in the Civil Code of the State
of California, or any comparable statute hereafter enacted
providing for a bond freeing the leased land from the effect
of such lien or claim or action thereon.

ARTICLE VIII
INDEMNIFICATION AND INSURANCE

8.01  Indemnity.

        Landlord shall not be liable for any loss, damage,
injury or claim of any kind or character to any person
(including a Buyer) or property arising from or caused by

-17-

HOU 000762

the use or development of the leased land and the construc-
tion of improvements thereon, including, without limitation,
any such loss, damage, injury or claim arising from or
caused by (i) any use of the leased land, or any part
thereof; (ii) any defect in the design, construction of or
material in any structure or other improvement upon the
leased land or in any other facility therein; (iii) any
defect in soils or in the preparation of soils or in the
design and accomplishment of grading; (iv) any act or
omission of Tenant or any of its agents, employees,
licensees, invitees or contractors; (v) any accident on the
leased land or other casualty thereon; (vi) any represen-
tations by Tenant or any of its agents or employees; (vii) a
violation or alleged violation by Tenant, its employees or
agents, of any law now or hereafter enacted; (viii) any
other cause whatsoever in connection with Tenant's use of
the leased land; or (ix) the application of the principles
of strict liability with respect to any act or omission
during the term of this Lease of Tenant or its agents,
employees, licensees, invitees or contractors in connection
with the leased land, and Tenant, as a material part of the
consideration of this Lease, except to the extent occasioned
by the sole act or negligence or willful misconduct of
Landlord or its employees, hereby waives on its behalf all
claims and demands against Landlord for any such loss,
damage or injury of Tenant, and hereby indemnifies and
agrees to hold Landlord entirely free and harmless from all
liability for any such loss, damage, injury or claim with
respect to any person or property made by other persons, and
with respect to any such violations or charges arising
therefrom, including, without limitation, attorneys' fees
and court costs incurred by Landlord in connection there-
with.

8.02  Insurance.

       Tenant shall maintain at all times during the term
of the Lease, at its expense and in companies acceptable to
Landlord:

       (a)   Workmen's compensation insurance and employ-
er's liability insurance.

       (b)   Comprehensive liability insurance, with limits
of not less than FIVE HUNDRED THOUSAND ($500,000) DOLLARS
for any one person; ONE MILLION ($1,000,000) DOLLARS for any
one occurrence as to bodily injury or death; and ONE HUNDRED
THOUSAND ($100,000) DOLLARS per occurrence as to property
damage.

       Each policy of insurance shall be issued by insurers
of recognized responsibility, qualified to do business in
California, acceptable to Landlord and which has, at the
execution hereof, a rating at least equal to AXV by Best's
Insurance Guide (or other equivalent rating if such Guide be
discontinued) and shall name Landlord as an additional
insured.  Prior to the time of commencement of this Lease,
Tenant shall deliver certificates of insurance carriers of

-18-              HOU 000763

each policy of insurance as evidence of compliance with the above requirements and stating that not less than ten (10) days' written notice will be given to Landlord prior to cancellation or reduction in coverage or amount.

### 8.03  Landlord's Indemnity.

The parties agree that Tenant shall have no liability by reason of the fact that a portion of Monterey Lane lies within an easement on the leased land as described on Exhibit A.  Landlord hereby agrees to indemnify and hold Tenant and any community association formed by Tenant to service the residents of the leased land absolutely free and harmless from any loss, damage, injury, claim or cause of action of any kind arising out of the use, improvement or maintenance of said Monterey Lane, including, without limitation, attorneys' fees and court costs.

### ARTICLE IX
### REMOVAL

Upon the expiration of the term of this Lease, Tenant shall quit and surrender possession of the leased land to Landlord.  Upon the expiration of the term of this Lease, Tenant shall have the right to remove from the leased land any improvements erected on the leased land by Tenant and which, at the time of such expiration, remain the property of Tenant.  Tenant shall promptly repair any damage to the leased land caused by such removal.  If Tenant has not completed such removal within sixty (60) days of the expiration of the term hereof, all of such improvements shall automatically become the property of Landlord without the payment of any consideration therefor.  In addition, before surrendering possession of the leased land as aforesaid, Tenant shall, without expense to Landlord, remove or cause to be removed from said leased land all movable signs, furnishings, equipment, trade fixtures, merchandise and other movable personal property installed or placed therein, and all debris and rubbish, and Tenant shall repair all damage to the leased land resulting from such removal.  Upon such expiration, and if requested by Landlord, Tenant shall, within five (5) days of a request therefor, execute, acknowledge and deliver to Landlord an instrument in writing releasing and quitclaiming to Landlord all right, title and interest of Tenant in and to said leased land by reason of this Lease or otherwise.  If Tenant fails to remove any of its signs, furnishings, equipment, trade fixtures, merchandise or other personal property within thirty (30) days after the expiration or earlier termination of this Lease, then Landlord may, at its sole option, (i) deem any or all of such items abandoned as the sole property of Landlord; or (ii) remove any or all of such items and dispose of same in any manner or store same for Tenant, in which event the expense of such disposition or storage shall be borne by Tenant and shall be immediately due and payable.

-19-

HOU 000764

ARTICLE X
CONDEMNATION

The words "condemnation" or "condemned", as used in this paragraph, shall mean the exercise of, or intent to exercise, the power of eminent domain expressed in writing, as well as the filing of any action or proceeding for such purpose, by any person, entity, body, agency or authority having the right or power of eminent domain (the "condemning authority" herein), and shall include a voluntary sale to any such condemning authority, either under the threat of condemnation or while condemnation proceedings are pending, and the condemnation shall be deemed to occur in point of time upon the actual physical taking of possession pursuant to the exercise of said power of eminent domain.  All award or compensation paid upon condemnation shall be allocated as follows:  (1) Prior to the time the leased land or any portion is Placed under Development, the entire award shall be allocated, paid to and be the sole property of Landlord, except for Tenant's hard costs which shall be paid out of said award to Tenant, and (2) after the time the leased land or any portion thereof has been Placed under Development the entire award shall be allocated as follows:  (a) to Tenant, a sum equal to the total of (i) the then fair market value of the buildings and other improvements constructed or installed by Tenant on the leased land; and (ii) the then fair market value of Tenant's leasehold interest in the leased land representing the present value of the aggregate of the difference, if any, between (a) the economic rental and (b) the basic rental, for the unexpired period prior to a basic rental adjustment as provided in Article IV; and (b) to Landlord, the remainder.  Landlord may, with Tenant's written consent, agree to sell and/or convey the leased land or portion thereof to the condemning authority without first requiring that action or proceeding shall be instituted or, if any such action or proceeding shall be instituted, without requiring any trial or hearing thereof. All amounts paid by the condemning authority upon such voluntary sale or conveyance shall be allocated as provided above.

In determining the portion of a condemnation award or a payment for voluntary sale or conveyance under threat of condemnation, any appraisal performed by the condemning authority in connection with such award or conveyance shall be controlling.  In the absence of such appraisal or agreement between Landlord and Tenant as to such amounts, each shall appoint an appraiser and the two shall select a third appraiser, and all three shall appraise the property for the purpose of such allocation of compensation for a condemnation with the average of the two appraisals which are the closest controlling.

If only a portion of the leased land is condemned, this Lease shall terminate if the mortgagee shall consent thereto in writing and if Tenant shall notify Landlord, within sixty (60) days of the condemnation, that the portion of the leased land remaining after the condemnation cannot be developed in the manner chosen by Tenant.  If Tenant fails

-20-

HOU 000765

to timely give such notice, this Lease shall remain in full
force and effect as to the remaining portion of the leased
land, except that (a) the basic rental payable by Tenant
shall be reduced in the proportion that the area of the
portion taken bears to the area of the entire leased land,
and (b) Tenant shall be entitled to use the award payable on
such partial condemnation to repair any damage to the
remaining portion of the leased land and improvements
thereon.

As used in the foregoing, "Tenant's hard costs" shall
mean all of Tenant's direct out-of-pocket expenses incurred
with regard to the development or intended development of
the leased land and shall include, without limitation, the
following but shall not include any charge for overhead or
other administrative expenses:  engineering, architectural,
environmental, legal, accounting and other consultants, de-
velopment fees paid to governmental authorities, the cost of
preparing and/or reproducing plans and specifications for
such development, and the contract cost of improving the
leased land (or Tenant's direct costs if such improvement is
done by Tenant's employees).

ARTICLE XI
DEFAULT AND REMEDIES IN EVENT OF DEFAULT

11.01  Events of Default.

Tenant shall be deemed in default under the terms of
this Lease should Tenant:

(a)  Use the leased land or suffer the same to
be used for any purpose other than as authorized in this
Lease for more than thirty (30) days after notice from
Landlord specifying the unauthorized use; provided, however,
if such unauthorized use is not capable of being cured
within said thirty (30) day period, Tenant shall not be
deemed in default hereunder so long as it commences to cure
such unauthorized use within said period and thereafter
diligently and continuously prosecutes the same to comple-
tion; or

(b)  Default in the payment of any basic rental
payment and such default shall continue for ten (10) days
after notice thereof is given to Tenant; or

(c)  Fail to pay or cause to be paid any tax,
assessment, insurance premium, lien, claim, demand, judgment
or other charge provided in this Lease to be paid or caused
to be paid by Tenant at the times and in the manner herein-
above provided and such breach or default shall continue for
thirty (30) days after notice thereof is given to Tenant;
provided, however, the foregoing shall not prejudice Ten-
ant's right to contest any claim or lien pursuant to Article
VII above; or

(d)  File a voluntary petition in bankruptcy
or be adjudicated a bankrupt or insolvent or shall file

-21-

HOU 000766

any petition or answer seeking or acquiescing in any reorganization, dissolution or similar relief for itself under any present or future federal, state or other statute, law or regulation relating to bankruptcy, insolvency or other relief for debtors, or shall seek or consent to or acquiesce on the appointment of any trustee, receiver or liquidator or shall make a general assignment for the benefit of creditors, or shall admit in writing its inability to pay its debts generally as they become due; or

(e)  A court of competent jurisdiction shall enter an order, judgment or decree approving a petition filed against Tenant seeking any reorganization, dissolution or similar relief under any present or future federal, state or other statute, law or regulation relating to bankruptcy, insolvency or other relief for debtors, and such order, judgment or decree shall remain unvacated and unstayed for an aggregate of ninety (90) days (whether or not consecutive) from the first day of entry thereof; or any trustee, receiver, or liquidator of Tenant shall be appointed without the consent or acquiescence of Tenant and if such appointment shall remain unvacated and unstayed for an aggregate of ninety (90) days (whether or not consecutive); or

(f)  Default in the performance of or breach of any other covenant, undertaking, duty, condition or restriction provided in this Lease to be kept and performed by Tenant thirty (30) days after written notice from Landlord specifying the nature of such default or breach; provided, however, if the nature of such default or breach is such that it is incapable of being cured within said thirty (30) day period, then Tenant shall not be deemed in default under this Lease if Tenant commences to cure the same within said thirty (30) day period and thereafter diligently and continuously (taking into account the nature of the default or breach) prosecutes such cure to completion.

11.02  Remedies.

In the event of Tenant's default, Landlord may, at Landlord's option:

(a)  Continue this Lease in effect without terminating Tenant's right to possession, even though Tenant has breached this Lease and abandoned the leased land; and to enforce all of Landlord's rights and remedies under this Lease, including the right to recover, by suit or otherwise, all sums and installments required to be paid in accordance with the provisions of Article IV above, or other monetary performance as it becomes due hereunder, or to enforce, by suit or otherwise, any other term or provision hereof on the part of Tenant required to be performed, it being specifically agreed that the aggregate unpaid installment indebtedness shall bear simple interest at the rate of ten (10%) percent per annum from the date thereof until paid, provided, however, that Landlord may, at any time thereafter, elect to terminate this Lease for such previous breach by notifying Tenant in writing that Tenant's right to possession of the leased land has been terminated; or

-22-

HOU 000767

May-01-02  04:23pm    From-RUTAN & TUCKER LLP.                714-546-8035              T-234  P.24/28  F-670

(b)  By written notice to Tenant, Landlord may declare this Lease at an end, re-enter the leased land by process of the law, eject all parties in possession thereof therefrom and repossess said leased land, in which event, Landlord shall have the right to recover from Tenant:

(i)  The worth at the time of award of the unpaid rent which has been earned at the time of termination;

(ii)  The worth at the time of award of the amount by which the unpaid rent which would have been earned after termination until the time of award exceeds the amount of such rental loss that the Tenant proves could have been reasonably avoided;

(iii)  The worth at the time of award of the amount by which the unpaid rent for the balance of the term after the time of award exceeds the amount of such rental loss for the same period that the Tenant proves could be reasonably avoided;

(iv)  All other amounts necessary to compensate Landlord for all the detriment proximately caused by Tenant's failure to perform its obligations hereunder or which in the ordinary course of things are likely to result therefrom; and

(v)  In computing "worth at the time of award" Landlord shall be allowed interest at the rate of ten (10%) percent per annum.

The remedies of Landlord, as hereinabove provided, are cumulative and in addition to and not exclusive of any other remedy of Landlord herein given or which may be permitted by law.  The remedies of Landlord are subject to the provisions of Section 6.02.

## 11.03  Termination on Default.

Upon such termination, Tenant, if required by Landlord so to do by written notice to Tenant, shall within sixty (60) days, cause all improvements, structures and appurtenances thereto belonging to Tenant or those claiming under Tenant, to be removed from the leased land (or the portion of the leased land being then the subject of this Lease) and Tenant shall cause any excavations to be filled and all foundations, debris and other parts to be removed and the premises thereof surrendered in a clean and orderly condition.  In the event any such improvements shall not be removed within the time period as provided in this Section 11.03, the same shall, at the option of the Landlord, become the property of Landlord, without any requirement for the payment of consideration therefor; provided, however, that any such termination of this Lease shall not relieve the Tenant or its successors and assigns, if any, from liability for damages which Landlord may incur by reason of Tenant's

-23-

HOU 000763

default in failing to remove all structures, improvements and appurtenances (excluding the aforementioned type of improvements and installations) and to remove all debris within said time period.

11.04  Quitclaim.

Upon such termination of this Lease, Tenant, following Landlord's request, shall execute, acknowledge and deliver to Landlord a quitclaim deed quitclaiming all right, title and interest of Tenant in and to the leased land.

## ARTICLE XII
## MISCELLANEOUS

12.01  Short Form.

This Lease shall not be recorded, but the Ground Lease (Short Form-Memorandum), in the form attached hereto as Exhibit C and by this reference made a part hereof, shall be executed and recorded by the parties hereto upon the execution of this Lease.

12.02  Landlord's Cooperation.

Landlord agrees to cooperate with Tenant in developing the leased land in the manner chosen by Tenant, including, without limitation, attending a reasonable number of meetings with Tenant and/or jurisdictional government agencies.

12.03  Construction of Lease.

The language in all parts of this Lease shall, in all cases, be construed as a whole and in accordance with its fair meaning and not restricted for or against either Landlord or Tenant.  The captions of the paragraphs and subparagraphs of this Lease are for convenience only and shall not be considered or referred to in resolving questions or construction.

12.04  Severability.

If any provision of this Lease shall be adjudged to be invalid, void or illegal, it shall in no way affect, impair or invalidate any other provision hereof, the parties hereby agreeing that they would have entered into the remaining portion of this Lease notwithstanding the omission of the portion or portions adjudged invalid, void or illegal.

12.05  Relationship of the Parties.

The relationship of the parties hereto is that of Landlord and Tenant, and it is expressly understood and agreed that Landlord does not in any way nor for any purpose become a partner of Tenant or a joint venturer with Tenant in the conduct of Tenant's business or otherwise, and that

-24-

HOU 000769

the provisions of any agreement between Landlord and Tenant relating to rent are made solely for the purpose of providing a method whereby rental and purchase payments are to be measured and ascertained.

## 12.06  Notices.

Any notice to be given or other document to be delivered by either party, or all payments of rental, may be delivered in person to either party or may be deposited in the United States mail in the State of California, duly certified, return receipt requested, with postage prepaid, and addressed to the party for whom intended at the address appearing at the head of this Lease.  In the event that Landlord has received notice of the hypothecation by Tenant of his leasehold estate with a mortgage, all notices to be sent by Landlord to Tenant hereunder shall be effective only if a copy thereof is sent to the Mortgagee at the address supplied to Landlord by Tenant or such Mortgagee.

Either party hereto may from time to time by written notice to the other party designate a different address which shall be substituted for the one above specified.  If any notice or other document is sent by registered or certified mail, as aforesaid, the same shall be deemed served or delivered forty-eight (48) hours after the mailing in the County of Orange, as above provided.

## 12.07  Attorneys' Fees.

In the event of any dispute between the parties hereto involving the covenants or conditions contained in this Lease or arising out of the subject matter of this Lease, the prevailing party shall be entitled to recover reasonable expenses, attorneys' fees and costs.

In the event Landlord is made a party to litigation arising out of acts or negligence by Tenant regarding the subject matter of this Lease, Landlord shall be entitled to recover from Tenant its reasonable expenses, attorneys' fees and costs incurred in such litigation.  Tenant hereby indemnifies and agrees to hold Landlord harmless of and from all liabilities, costs and expenses arising from any such litigation.

## 12.08  Waiver.

No delay or omission by either party hereto in exercising any right or power accruing upon the noncompliance or failure to perform by the other party hereto under the provisions of this Lease shall impair any such right or power or be construed to be a waiver thereof.  A waiver by either party hereto of any of the covenants, conditions or agreements hereof to be performed by the other party shall not be construed as a waiver of any succeeding breach of the same or other covenants, agreements, restrictions and conditions hereof.

-25-

HOU 000770

### 12.09 Inspection.

Landlord reserves the right for Landlord and Landlord's agents and representatives to enter upon the leased land at any reasonable time following reasonable notice for the purpose of attending to Landlord's interest hereunder, and to inspect the leased premises.

### 12.10 Covenants and Conditions.

Each of the covenants in this Lease shall be deemed and construed as conditions and each and every covenant shall be deemed covenants running with the land.

### 12.11 Entire Agreement.

This Lease contains the entire agreement of the parties hereto with respect to the matters covered hereby, and no other previous agreement, statement or promise made by any party hereto which is not contained herein shall be binding or valid.

### 12.12 Non-disturbance.

No mortgage or deed of trust placed on the leased land by Landlord shall be superior to the interest of Tenant herein, unless Landlord and Tenant execute an agreement in recordable form satisfactory to the Tenant that in the event of judicial or private foreclosure, or deed in lieu of foreclosure, or any other action taken by such mortgagee or beneficiary, this Lease and the rights of Tenant hereunder shall not be disturbed by reason of any such foreclosure or other action, but shall continue in full force and effect so long as this Lease shall remain in full force and effect and that in the event of any conflict between the terms of this Lease and any such mortgage or deed of trust with regard to insurance or condemnation proceeds or any other provisions of the Lease or the mortgage or the deed of trust, the terms and provisions of this Lease shall prevail.

### 12.13 Estoppel Certificates.

Landlord and Tenant shall at any time and from time to time, upon not less than ten (10) days prior written request by the other party or parties to this Lease, execute, acknowledge and deliver to such party or parties a statement in writing certifying that this Lease is unmodified and in full force and effect (or if there has been any modification thereof that the same is in full force and effect as modified and stating the modification or modifications) and that there are no defaults existing (or if there is any claimed default stating the nature and extent thereof); and stating the dates to which the rent and other charges have been paid in advance. It is expressly understood and agreed that any such statement delivered pursuant to this section may be relied upon by any prospective assignee or sublessee of the leasehold estate, or estates

-26-

HOU 000771

of Tenant, or any prospective purchaser of the estate of Landlord, or any lender or prospective assignee of any lender on the security of the leased land or the fee estate or any part thereof, or upon the leasehold estate of Tenant or any part thereof, and any third person.

12.14  Signs.

Tenant shall be entitled to place on the leased land such advertising signs as it deems necessary or proper for the development and marketing of the leased land.

12.15  Merger.

There shall be no merger of this Lease or the lease-hold estate hereunder with the fee estate in the leased land by reason of the fact that the Lease or any interest here-under may be held for the account of a person or entity who is the owner of the fee estate in the leased land or any portion thereof, unless a written instrument effectuating such merger is recorded.

IN WITNESS WHEREOF, each of the parties hereto has caused this Lease to be executed as of the day and year first above written.

HOUSER BROS. CO.
A California Limited Partnership

By _____
   CLIFFORD C. HOUSER,
   General Partner

By _____
   VERNON F. HOUSER,
   General Partner

                              "Landlord"

_____
ROBERT P. WARMINGTON

                              "Tenant"

-27-            HOU 000772

BK 13362 PG 317

RECORDING REQUESTED BY AND
WHEN RECORDED RETURN TO:        32442

The Robert P. Warmington Co.
16592 Hale Avenue
Irvine, California 92714        $5.00

RECORDED AT REQUEST OF
FIRST AMER. TITLE INS. CO.
IN OFFICIAL RECORDS OF
ORANGE COUNTY, CALIFORNIA
8:01 A.M. OCT 22 1979
LEE A. BRANCH, County Recorder

_____Space Above This Line for Recorder's Use Only_____

GROUND SUBLEASE
(SHORT FORM-MEMORANDUM)

THIS GROUND SUBLEASE (SHORT FORM-MEMORANDUM) is made this
19th day of October , 1979, by and between ROBERT P.
WARMINGTON (hereinafter "Landlord") and THE ROBERT P. WARMINGTON CO.,
a California Corporation (hereinafter "Tenant"), upon the following
terms and conditions:

W I T N E S S E T H:

1. Landlord leases to Tenant that certain real property
(the "leased land") located in the City of Huntington Beach, County of
Orange, State of California, which leased land is described on
Exhibit "A" attached hereto and made a part hereof, at the rental and
upon all of the terms and conditions set forth in that certain unrecorded
Ground Sublease of even date between Landlord and Tenant which is
incorporated herein by this reference.

2. The Property is leased for a term of eighty (80) years,
commencing as of October 19 , 19 79 and ending
October 18 , 2059 . The aforementioned incorporated Ground Sublease
provides, among other things, that it shall terminate as to the real
property covered by a Consumer Sublease (as defined in said incorporated
Ground Sublease) upon the commencement of the term of such Consumer
Sublease.

3. The aforementioned incorporated Ground Sublease provides,
among other things, that the Tenant shall pay all taxes, general and
special assessments and other charges which, during the term of this
lease, may be levied upon or assessed against the leased land and all
interests therein.

4. The aforementioned incorporated Ground Sublease also
provides, among other things, that Tenant shall not encumber, assign or
otherwise transfer said Sublease, or sublet the whole or any part of
the leased land without the prior written consent and approval of
Landlord, except as otherwise expressly permitted in said incorporated
Ground Sublease.

5. Landlord hereby irrevocably makes, constitutes and
appoints Tenant as Landlord's true and lawful attorney for him and
in his name, place and stead and for his use and benefit to exercise
any or all of the following powers as to the leased land, any interest
therein and/or any building or other improvement thereon: To undertake
any and all construction activities on or in connection with the leased
land and to execute on behalf of Landlord if Landlord has not executed
the same, as provided and within the time period set forth in said
incorporated Ground Sublease, any map, permit, application, survey,
report, approval, easement deed or other documents as are necessary or
convenient to obtain the required approvals, permits or other action of
the City of Huntington Beach, the County of Orange, California, and

ORANGE,CA
Document: LS 13362.317

Page 1 of 3

BK 13362 PG 318

other governmental and quasi governmental authorities, including public
utilities, for the development of the leased land in the manner
contemplated by said incorporated Ground Sublease, giving and granting
unto his said attorney full power and authority to do and perform all
and every act and thing whatsoever requisite, necessary or appropriate
to be done in and about the leased land as fully to all intents and
purposes as he might or could do if personally present, hereby ratifying
all that his said attorney shall lawfully do or cause to be done by
virtue of these presents.  It is expressly agreed and understood that
the foregoing power of attorney is coupled with an interest.

6.  Should there be any inconsistency between the terms of
this instrument and the Ground Sublease incorporated herein, the terms
of said incorporated Ground Sublease shall prevail.

IN WITNESS WHEREOF, each of the parties hereto has caused
this Short Form-Memorandum of Ground Sublease to be duly executed as
of the day and year first above written.

LANDLORD:

_____
Robert P. Warmington

TENANT:

The Robert P. Warmington Co.,
a California Corporation

By _____
Roger D. Darnell
Vice President

STATE OF CALIFORNIA)
COUNTY OF ORANGE   )  ss:
On  October 19  , 1979, before me, the undersigned, a Notary
Public in and for said State, personally appeared ROBERT P. WARMINGTON,
known to me to be the person whose name is subscribed to the within
instrument and acknowledged to me that he executed the same.
WITNESS my hand and official seal.

[OFFICIAL SEAL
PEARL L. HUNT
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Commission Expires Mar 25, 1983]

_____
Pearl L. Hunt

STATE OF CALIFORNIA)
COUNTY OF ORANGE   )  ss:
On  October 19  , 1979, before me, the undersigned, a Notary
Public in and for said State, personally appeared  ROGER D. DARNELL
known to me to be the Vice President of the Corporation that executed the
within instrument, and known to me to be the person who executed the within
instrument on behalf of the Corporation therein named, and acknowledged to
me that such Corporation executed the within instrument pursuant to its
by-laws or a resolution of its Board of Directors.
WITNESS my hand and official seal.

[OFFICIAL SEAL
PEARL L. HUNT
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Commission Expires Mar 25, 1983]

_____
Pearl L. Hunt

[OFFICIAL SEAL
PEARL L. HUNT
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Commission Expires Mar 25, 1983]

-2-



BK 13362 PG 319

EXHIBIT "A"

PARCEL A:   Parcel 1 as per Parcel Map recorded in
Book 108, Pages 47 and 48, inclusive,
Official Records of Orange County,
California.

EXCEPTING and reserving a non-exclusive
easement for ingress and egress within
and upon the Westerly 30.00 feet there-
of appurtenant to Parcel 2 as Per Map
recorded in Book 108, Pages 47 and 48,
inclusive, Official Records of Orange
County, California within the private
street known as "Monterey Lane".

PARCEL B:   A non-exclusive easement for ingress
and egress within and upon an area 30.00
feet in width within the private street
known as "Monterey Lane", within Parcel
2 as per Map recorded in Book 108, Pages
47 and 48, inclusive, Official Records of
Orange County, California the Easterly
boundary of which shall be Co-Terminus
with the Westerly boundary of said Parcel
1.

EXHIBIT "A"

RECORDED I



RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:

The Robert P. Warmington Co.    .32443
1659 Hale Avenue
Irvine, California  92714
Attention: Roger D. Darnell    **$6.00**

BK 13362 PG. 320

RECORDED AT REQUEST OF
FIRST AMER. TITLE INS. CO.
IN OFFICIAL RECORDS OF
ORANGE COUNTY, CALIFORNIA
8:01 A.M. OCT 22 1979
LEE A. BRANCH, County Recorder

(Space above line for Recorder's use only)

GROUND LEASE

(SHORT FORM - MEMORANDUM)

THIS GROUND LEASE (SHORT FORM — MEMORANDUM) is made
this 19th day of    October    , 1979, by and between
HOUSER BROS. CO., a limited partnership, organized and
existing under the laws of the State of California (herein-
after "Landlord"), and ROBERT P. WARMINGTON, a married man
(hereinafter "Tenant"), upon the following terms and con-
ditions:

W I T N E S S E T H:

1.   Landlord leases to Tenant that certain real prop-
erty (the "leased land") located in the City of Huntington
Beach, County of Orange, State of California, which leased
land is described in Exhibit A attached hereto and made a
part hereof, at the rental and upon all the terms and condi-
tions set forth in that certain unrecorded ground lease of
even date between Landlord and Tenant which is incorporated
herein by this reference.

2.   The property is leased for a term of eighty (80)
years, commencing as of the date first above written and
continuing until the anniversary of the eightieth (80th)
year thereafter.  The aforementioned incorporated ground
lease provides, among other things, that it shall terminate
as to the real property covered by a Residential Lease (as
defined in said incorporated ground lease) upon the com-
mencement of the term of such Residential Lease, but not as
to the real property covered by a Consumer Sublease or
Affiliate Sublease (as defined in said incorporated ground
lease).

3.   The aforementioned incorporated ground lease pro-
vides, among other things, that the Tenant shall pay all
taxes, general and special assessments and other charges
which, during the term of this lease, may be levied upon or
assessed against the leased land and all interests therein.

4.   The aforementioned incorporated ground lease al-
so provides, among other things, that Tenant shall not en-
cumber, assign or otherwise transfer said lease, or sublet
the whole or any part of the leased land without the prior
written consent and approval of Landlord, except as other-
wise expressly permitted in said incorporated ground lease.

-1-

BK 13362 PG 321

5.    Landlord hereby irrevocably makes, constitutes and appoints Tenant as Landlord's true and lawful attorney for it and in its name, place and stead and for its use and benefit to exercise any/or all of the following powers as to the leased land, any interest therein and/or any building or other improvement thereon:  To undertake any and all construction activities on or in connection with the leased land and to execute on behalf of Landlord it Landlord has not executed the same, as provided and within the time period set forth in said incorporated ground lease, any map, permit, application, survey, report, approval, easement deed or other documents as are necessary or convenient to obtain the required approvals, permits or other action of the City of Huntington Beach, the County of Orange, California, and other governmental and quasi governmental authorities, including public utilities, for the development of the leased land in the manner contemplated by said incorporated ground lease, giving and granting unto its said attorney full power and authority to do and perform all and every act and thing whatsoever requisite, necessary or appropriate to be done in and about the leased land as fully to all intents and purposes as it might or could do if personally present, hereby ratifying all that its said attorney shall lawfully do or cause to be done by virtue of these presents.  It is expressly agreed and understood that the foregoing power of attorney is coupled with an interest.

6.    Should there be any inconsistency between the terms of this instrument and the ground lease incorporated herein, the terms of said incorporated ground lease shall prevail.

IN WITNESS WHEREOF, each of the parties hereto has caused this Short Form - Memorandum of Lease to be duly executed as of the day and year first above written.

HOUSER BROS. CO., a California
limited partnership by its
general partners

By _____
Clifford C. Houser,
General Partner

By _____
Vernon P. Houser,
General Partner

"Landlord"

_____
Robert P. Warmington

"Tenant"

-2-



BK 13362 PG 322

EXHIBIT "A"

PARCEL A:    Parcel 1 as per Parcel Map recorded in
Book 108, Pages 47 and 48, inclusive,
Official Records of Orange County,
California.

EXCEPTING and reserving a non-exclusive
easement for ingress and egress within
and upon the Westerly 30.00 feet there-
of appurtenant to Parcel 2 as Per Map
recorded in Book 108, Pages 47 and 48,
inclusive, Official Records of Orange
County, California within the private
street known as "Monterey Lane".

PARCEL B:    A non-exclusive easement for ingress
and egress within and upon an area 30.00
feet in width within the private street
known as "Monterey Lane", within Parcel
2 as per Map recorded in Book 108, Pages
47 and 48, inclusive, Official Records of
Orange County, California the Easterly
boundary of which shall be Co-Terminus
with the Westerly boundary of said Parcel
1.

EXHIBIT "A"



BK 13362 PG 323

STATE OF CALIFORNIA  )
                     )  ss.
COUNTY OF ORANGE     )

On this 19th day of OCTOBER, 1979,
before me, a Notary Public, personally appeared Clifford C.
Houser and Vernon F. Houser, known to me to be the general
partners of the partnership that executed the within instru-
ment, and acknowledged to me that such partnership executed
the same.

WITNESS my hand and official seal:

OFFICIAL SEAL
CHRISTINE A. BELMONTE
Notary Public-California
ORANGE COUNTY
My Commission Expires March 14, 1981

Christine Anne Belmonte
Notary Public in and for said
County and State


STATE OF CALIFORNIA  )
                     )  ss.
COUNTY OF  ORANGE    )

On this 19th day of  October, 1979, before me, the
undersigned, a Notary Public in and for said State, person-
ally appeared Robert P. Warmington, known to me to be the
person whose name is subscribed to the within instrument,
and acknowledged to me that he executed the same.

WITNESS my hand and official seal.

OFFICIAL SEAL
PEARL L. HUNT
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Commission Expires Mar 25, 1983

Pearl L. Hunt
Notary Public in and for said
County and State

-3-

RECORDED IN



RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:

The Robert P. Warmington Co.
16592 Hale Avenue
Irvine, California 92714
Attention: Roger D. Darnell.

8346

32443

$6.00

$7.00
C1

BK 13362 PG 320

BK 13424 PG 499

RECORDED AT REQUEST OF
FIRST AMER. TITLE INS. CO.
IN OFFICIAL RECORDS OF
ORANGE COUNTY, CALIFORNIA
8.01 A.M. OCT 22 1979
LEE A. BRANCH, County Recorder

(Space above line for Recorder's use only)

RECORDING REQUESTED BY
FIRST AMERICAN TITLE INS. CO.
RECORDED IN OFFICIAL RECORDS
OF ORANGE COUNTY CALIFORNIA

GROUND LEASE

(SHORT FORM — MEMORANDUM)

8 28 PM DEC 6 1979

LEE A. BRANCH, County Recorder

THIS GROUND LEASE (SHORT FORM — MEMORANDUM) is made
this 19th day of October , 1979, by and between
HOUSER BROS. CO., a limited partnership, organized and
existing under the laws of the State of California (herein-
after "Landlord"), and ROBERT P. WARMINGTON, a married man
(hereinafter "Tenant"), upon the following terms and con-
ditions:

W I T N E S S E T H:

1.    Landlord leases to Tenant that certain real prop-
erty (the "leased land") located in the City of Huntington
Beach, County of Orange, State of California, which leased
land is described in Exhibit A attached hereto and made a
part hereof, at the rental and upon all the terms and condi-
tions set forth in that certain unrecorded ground lease of
even date between Landlord and Tenant which is incorporated
herein by this reference.

2.    The property is leased for a term of eighty (80)
years, commencing as of the date first above written and
continuing until the anniversary of the eightieth (80th)
year thereafter. The aforementioned incorporated ground
lease provides, among other things, that it shall terminate,
as to the real property covered by a Residential Lease (as
defined in said incorporated ground lease) upon the com-
mencement of the term of such Residential Lease, but not as
to the real property covered by a Consumer Sublease or
Affiliate Sublease (as defined in said incorporated ground
lease).

3.    The aforementioned incorporated ground lease pro-
vides, among other things, that the Tenant shall pay all
taxes, general and special assessments and other charges
which, during the term of this lease, may be levied upon or
assessed against the leased land and all interests therein.

4.    The aforementioned incorporated ground lease al-
so provides, among other things, that Tenant shall not en-
cumber, assign or otherwise transfer said lease, or sublet
the whole or any part of the leased land without the prior
written consent and approval of Landlord, except as other-
wise expressly permitted in said incorporated ground lease.

-1-

BK 13362 PG  321
BK 13424 PG  500

5.    Landlord hereby irrevocably makes, constitutes
and appoints Tenant as Landlord's true and lawful attorney
for it and in its name, place and stead and for its use and
benefit to exercise any/or all of the following powers as
to the leased land, any interest therein and/or any building
or other improvement thereon. To undertake any and all con-
struction activities on or in connection with the leased
land and to execute on behalf of Landlord if Landlord has
not executed the same, as provided and within the time
period set forth in said incorporated ground lease, any map,
permit, application, survey, report, approval, easement deed
or other documents as are necessary or convenient to obtain
the required approvals, permits or other action of the City
of Huntington Beach, the County of Orange, California, and
other governmental and quasi governmental authorities, in-
cluding public utilities, for the development of the leased
land in the manner contemplated by said incorporated ground
lease, giving and granting unto its said attorney full power
and authority to do and perform all and every act and thing
whatsoever requisite, necessary or appropriate to be done in
and about the leased land as fully to all intents and pur-
poses as it might or could do if personally present, hereby
ratifying all that its said attorney shall lawfully do or
cause to be done by virtue of these presents.  It is ex-
pressly agreed and understood that the foregoing power of
attorney is coupled with an interest.

6.    Should there be any inconsistency between the
terms of this instrument and the ground lease incorporated
herein, the terms of said incorporated ground lease shall
prevail.

IN WITNESS WHEREOF, each of the parties hereto has
caused this Short Form Memorandum of Lease to be duly ex-
ecuted as of the day and year first above written.

                      HOUSER BROS. CO., a California
                      limited partnership by its
                      general partners

                      By  _____
                          Clifford E. Houser,
                          General Partner

                      By  _____
                          Vernon P. Houser,
                          General Partner

                                                  "Landlord"

                          _____
                          Robert P. Warmington

                                                  "Tenant"

                              -2-



BK 13362 PG 322
BK 13424 PG 501

EXHIBIT "A"

PARCEL A:  Tract No. 10542, as shown on a Map recorded
in book 456, pages 49 and 50 of Miscellaneous
Maps, records of Orange County, California.

EXCEPTING and reserving a non-exclusive
easement for ingress and egress within
and upon the Westerly 30.00 feet there-
of appurtenant to Parcel 2 as per Map
recorded in Book 108, Pages 47 and 48,
inclusive, Official Records of Orange
County, California within the private
street known as "Monterey Lane".

PARCEL B:  A non-exclusive easement for ingress
and egress within and upon an area 30.00
feet in width within the private street
known as "Monterey Lane", within Parcel
2 as per Map recorded in Book 108, Pages
47 and 48, inclusive, Official Records of
Orange County, California the Easterly
boundary of which shall be Co-Terminus
with the Westerly boundary of said Parcel
1.

**THIS DOCUMENT IS RE-RECORDED TO CORRECT THE LEGAL DESCRIPTION
OF PARCEL A.

EXHIBIT "A"



BK 13362 PG 323
BK 13424 PG 502

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF ORANGE       )

On this 19th day of OCTOBER _____, 1979,
before me, a Notary Public, personally appeared Clifford C.
Houser and Vernon P. Houser, known to be to be the general
partners of the partnership that executed the within instru-
ment, and acknowledged to me that such partnership executed
the same.

WITNESS my hand and official seal.

_Christina Anne Belmonte_
Notary Public in and for said
County and State

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF ORANGE       )

On this 19th day of October , 1979, before me, the
undersigned, a Notary Public in and for said State, person-
ally appeared Robert P. Warmington, known to me to be the
person whose name is subscribed to the within instrument,
and acknowledged to me that he executed the same.

WITNESS my hand and official seal.

_Pearl L. Hunt_
Notary Public in and for said
County and State

-3-



STATE OF CALIFORNIA
COUNTY OF Orange                                    BK 13424 PG 503

On _____ before me, the undersigned, a Notary Public in and for
said State, personally appeared

**Clifford C. Houser and Vernon F. Houser,**

known to me to be **all of** the partners of the partnership
that executed the within instrument and acknowledged to me that
such partnership executed the same.

WITNESS my hand and official seal.

Signature _Kerry K. Hoffman_

_KERRY K. HOFFMAN_
Name (Typed or Printed)

OFFICIAL SEAL
KERRY K. HOFFMAN
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Commission Exp July Oct 25, 1983

(This area for official notarial seal)

STATE OF CALIFORNIA
COUNTY OF Orange

On Occember 6, 1979 before me, the undersigned, a Notary Public in and for
said State, personally appeared

**Robert P. Warmington**

known to me to be the person _____ whose name **is**
subscribed to the within instrument, and acknowledged to me
that **he** executed the same.

WITNESS my hand and official seal.

Signature _Pearl L. Hunt_

_PEARL L. HUNT_
Name (Typed or Printed)

OFFICIAL SEAL
PEARL L. HUNT
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Commission Expires Mar 25, 1983

(This area for official notarial seal)

ORANGE,CA
Document: LS 13424.499

Page 5 of 5



RECORDING REQUESTED BY AND
WHEN RECORDED RETURN TO:

The Robert P. Warmington Co.
16592 Hale Avenue
Irvine, California  92714

**8347**

**32442**

BK 13362 PG  317

BK 13424 PG  504

RECORDED AT REQUEST OF
FIRST AMER. TITLE-INS. CO.
IN OFFICIAL RECORDS OF
ORANGE COUNTY, CALIFORNIA

8:01 A.M. OCT 22 1979

LEE A. BRANCH, County Recorder

Space Above This Line for Recorder's Use Only

GROUND SUBLEASE
(SHORT FORM—MEMORANDUM)

RECORDING REQUESTED BY
FIRST AMERICAN TITLE INS. CO.

RECORDED IN OFFICIAL RECORDS
OF ORANGE COUNTY, CALIFORNIA

-3 55 PM DEC  6 1979

LEE A. BRANCH, County Recorder

THIS GROUND SUBLEASE (SHORT FORM—MEMORANDUM) is made this 19th day of October, 1979, by and between ROBERT F. WARMINGTON (hereinafter "Landlord") and THE ROBERT P. WARMINGTON CO., a California Corporation (hereinafter "Tenant"), upon the following terms and conditions:

W I T N E S S E T H:

1.   Landlord leases to Tenant that certain real property (the "leased land") located in the City of Huntington Beach, County of Orange, State of California, which leased land is described on Exhibit "A" attached hereto and made a part hereof, at the rental and upon all of the terms and conditions set forth in that certain unrecorded Ground Sublease of even date between Landlord and Tenant which is incorporated herein by this reference.

2.   The Property is leased for a term of eighty (80) years, commencing as of   October 19    , 19 79 and ending   October 18   , 2059  .  The aforementioned incorporated Ground Sublease provides, among other things, that it shall terminate as to the real property covered by a Consumer Sublease (as defined in said incorporated Ground Sublease) upon the commencement of the term of such Consumer Sublease.

3.   The aforementioned incorporated Ground Sublease provides, among other things, that the Tenant shall pay all taxes, general and special assessments and other charges which, during the term of this lease, may be levied upon or assessed against the leased land and all interests therein.

4.   The aforementioned incorporated Ground Sublease provides, among other things, that Tenant shall not encumber, assign or otherwise transfer said Sublease, or sublet the whole or any part of the leased land without the prior written consent and approval of Landlord, except as otherwise expressly permitted in said incorporated Ground Sublease.

5.   Landlord hereby irrevocably makes, constitutes and appoints Tenant as Landlord's true and lawful attorney for him and in his name, place and stead and for his use and benefit to exercise any or all of the following powers as to the leased land, any interest therein and/or any building or other improvement thereon: To undertake any and all construction activities on or in connection with the leased land and to execute on behalf of Landlord if Landlord has not executed the same, as provided and within the time period set forth in said incorporated Ground Sublease, any map, permit, application, survey, report, approval, easement deed or other documents as are necessary or convenient to obtain the required approvals, permits or other action of the City of Huntington Beach, the County of Orange, California, and



BK 13362 PG 318
BK 13424 PG 505

other governmental and quasi governmental authorities, including public utilities, for the development of the leased land in the manner contemplated by said incorporated Ground Sublease, giving and granting unto his said attorney full power and authority to do and perform all and every act and thing whatsoever requisite, necessary or appropriate to be done in and about the leased land as fully to all intents and purposes as he might or could do if personally present, hereby ratifying all that his said attorney shall lawfully do or cause to be done by virtue of these presents. It is expressly agreed and understood that the foregoing power of attorney is coupled with an interest.

6. Should there be any inconsistency between the terms of this instrument and the Ground Sublease incorporated herein, the terms of said incorporated Ground Sublease shall prevail.

IN WITNESS WHEREOF, each of the parties hereto has caused this Short Form Memorandum of Ground Sublease to be duly executed as of the day and year first above written.

LANDLORD:

Robert P. Warmington

TENANT:

The Robert P. Warmington Co.,
a California Corporation

By Roger D. Darnell
Vice President

STATE OF CALIFORNIA)
COUNTY OF ORANGE  ) ss:
On   October 19     , 1979, before me, the undersigned, a Notary Public in and for said State, personally appeared ROBERT P. WARMINGTON known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same.
WITNESS my hand and official seal.

OFFICIAL SEAL
PEARL L. HUNT
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Commission Expires Mar 25, 1983

Pearl L. Hunt

STATE OF CALIFORNIA)
COUNTY OF ORANGE  ) ss:
On   October 19     , 1979, before me, the undersigned, a Notary Public in and for said State, personally appeared   ROGER D. DARNELL   known to me to be the Vice President of the Corporation that executed the within instrument, and known to me to be the person who executed the within instrument on behalf of the Corporation therein named, and acknowledged to me that such Corporation executed the within instrument pursuant to its by-laws or a resolution of its Board of Directors.
WITNESS my hand and official seal.

OFFICIAL SEAL
PEARL L. HUNT
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Commission Expires Mar 25, 1983

OFFICIAL SEAL
PEARL L. HUNT
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Commission Expires Mar 25, 1983

Pearl L. Hunt

-2-

STATE OF CALIFORNIA

COUNTY OF **Orange** } ss.        BK 13424 PG 506

On _December 6, 1979_ before me, the undersigned, a Notary Public in and for said State, personally appeared

**Robert P. Warmington**

known to me to be the person  whose name  **is**  subscribed to the within instrument and acknowledged to me that  __he__  executed the same.

WITNESS my hand and official seal.

Signature _Pearl L. Hunt_

PEARL L. HUNT
Name (Typed or Printed)

OFFICIAL SEAL
PEARL L. HUNT
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My Commission Expires May 25, 1982

(This area for official notarial seal)

---

STATE OF CALIFORNIA

COUNTY OF **Orange** } ss.

On _December 6, 1979_ before me, the undersigned, a Notary Public in and for said State, personally appeared **Roger D. Darnell**
known to me to be the  **Vice**  President, XX  and known to me to be the persons who executed the Within instrument on behalf of the corporation therein named, and acknowledged to me that such corporation executed the within instrument pursuant to its by-laws or a resolution of its board of directors.

WITNESS my hand and official seal.

Signature _Pearl L. Hunt_

PEARL L. HUNT
Name (Typed or Printed)

OFFICIAL SEAL
PEARL L. HUNT
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My Commission Expires May 25, 1982

(This area for official notarial seal)



BK 13424 PG 507

BK 13362 PG 319

EXHIBIT "A"

PARCEL A:   Tract No. 10542, as shown on a Map recorded
in book 456, pages 49 and 50 of Miscellaneous
Maps, records of Orange County, California.

EXCEPTING and reserving a non-exclusive
easement for ingress and egress within
and upon the Westerly 30.00 feet there-
of appurtenant to Parcel 2 as Per Map
recorded in Book 108, Pages 47 and 48,
inclusive, Official Records of Orange
County, California within the private
street known as "Monterey Lane".

PARCEL B:   A non-exclusive easement for ingress
and egress within and upon an area 30.00
feet in width within the private street
known as "Monterey Lane", within Parcel
2 as per Map recorded in Book 108, Pages
47 and 48, inclusive, Official Records of
Orange County, California the Easterly
boundary of which shall be Co-Terminus
with the Westerly boundary of said Parcel
1.

**THIS DOCUMENT IS RE-RECORDED TO CORRECT THE LEGAL DESCRIPTION
OF PARCEL A.

EXHIBIT "A"

ORANGE,CA
Document: LS 13424.504

Page 4 of 4





Units 1, 2, 3 and 4 of Lot 2 of the following:

All that certain land situated in the State of California, County of Orange, City of Huntington Beach, described as follows:

Proposed Tract No. 10542, being a subdivision of the following:

A portion of the northeast one quarter (1/4) of the northwest one quarter (1/4) of Section 20, Township 5 south, Range 11 west, in the Rancho Las Bolsa Chica, as shown on a map recorded in book 51, page 13 of Miscellaneous Maps, records of said Orange County, being described as follows:

Parcel 1 of a map filed in book 108, page 48 of Parcel Maps.

NOTICE OF COMPLIANCE WITH CONDITIONS ON TRACT

AUTHORIZATION FOR RELEASE FOR RECORDING

TO:        City Clerk                              Date _August 3, 1971_

FROM:      PLANNING DEPARTMENT
           James W. Palin

TRACT NO. _____

RECREATION & PARKS FEES PAID _512.00_____

Other: _____

_____
                (Signature)

# *Tracts*

Tract Number:        10542

Tract Type:          Maps


Date Recorded:          08/17/1979


Entitlement Number:

456   49

SHEET 1 OF 2 SHEETS       DUPLICATE

2 LOTS
8.278 ACRES
(ALL OF TENTATIVE
TRACT NO. 10542)

25824

# TRACT NO. 10542

### IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA.

BEING A SUBDIVISION OF PARCEL 1 AS SHOWN ON A MAP RECORDED
IN BOOK 108, PAGES 47 & 48 OF PARCEL MAPS, RECORDS OF ORANGE COUNTY, CALIFORNIA.

ACCEPTED AND FILED
AUG 17 1979 AT 9:45 PM
AT REQUEST OF
FIRST AMERICAN TITLE INS. CO.
ORANGE COUNTY RECORDER
LEE A. BRANCH, County Recorder
$7.00

MADOLE & ASSOCIATES, INC.
J.M. MADOLE R.C.E. 14814
NOVEMBER, 1978

WE, THE UNDERSIGNED, BEING ALL PARTIES HAVING ANY RECORD
TITLE INTEREST IN THE LAND COVERED BY THIS MAP, DO HEREBY
CONSENT TO THE PREPARATION AND RECORDATION OF SAID MAP,
AS SHOWN WITHIN THE COLORED BORDER LINE.
WE HEREBY DEDICATE TO THE _____ FOR STREET PURPOSES: EDINGER AVENUE
WE ALSO HEREBY DEDICATE TO THE CITY OF HUNTINGTON BEACH:

1. SUBSURFACE WATER RIGHTS BUT WITHOUT THE RIGHT OF
   SURFACE ENTRY TO THE SURFACE OR TO THE SUBSURFACE
   ABOVE THE DEPTH OF 500 FEET.

2. THE DOMESTIC WATER SYSTEM AND APPURTENANCES AS
   SHOWN ON THE IMPROVEMENT PLANS FOR THIS TRACT.

3. ACCESS RIGHTS IN, OVER, ACROSS, UPON AND THROUGH
   THE PRIVATE STREETS WITHIN SAID TRACT FOR THE
   PURPOSE OF MAINTAINING, SERVICING, CLEANING, RE-
   PAIRING THE WATER SYSTEM WITHIN SAID TRACT.

WE ALSO HEREBY RELEASE AND RELINQUISH TO THE CITY OF
HUNTINGTON BEACH:

1. ALL VEHICULAR ACCESS RIGHTS TO EDINGER AVENUE,
   EXCEPT AT STREET INTERSECTION.
HOUSER BROS. CO., A LIMITED PARTNERSHIP

VERNON P. HOUSER
GENERAL PARTNER

CLIFFORD C. HOUSER
GENERAL PARTNER

STATE OF CALIFORNIA }
COUNTY OF ORANGE } SS

ON THIS 21st DAY OF JUN, 1977, BEFORE ME,
MARY LOU STIGNI, A NOTARY PUBLIC IN AND FOR SAID
STATE, PERSONALLY APPEARED VERNON P. HOUSER AND
CLIFFORD C. HOUSER, KNOWN TO ME TO BE THE PARTNERS
OF HOUSER BROS. CO., A LIMITED PARTNERSHIP, THE
PARTNERSHIP THAT EXECUTED THE WITHIN INSTRUMENT
AND ACKNOWLEDGED TO ME THAT SUCH PARTNERSHIP
EXCUTED THE SAME.

MY COMMISSION EXPIRES: 6/14/80
WITNESS MY HAND AND
OFFICIAL SEAL.

Mary Lou Stigni
NOTARY PUBLIC IN AND FOR SAID STATE.

ROBERT P. WARMINGTON, OPTIONEE UNDER AN OPTION AGREEMENT
RECORDED IN BOOK 13292, PAGE 1065 OF OFFICIAL RECORDS.

ROBERT P. WARMINGTON
OPTIONEE

STATE OF CALIFORNIA }
COUNTY OF ORANGE } SS

ON THIS 21st DAY OF JUN, 1979, BEFORE ME, MARY LOU STIGNI,
A NOTARY PUBLIC IN AND FOR SAID STATE, PERSONALLY APPEARED
ROBERT P. WARMINGTON, KNOWN TO ME TO BE THE PERSON
DESCRIBED IN, AND WHOSE NAME IS SUBSCRIBED TO THE WITHIN INSTRUMENT
AND HE ACKNOWLEDGED TO ME THAT HE EXECUTED THE SAME.

MY COMMISSION EXPIRES: 6/14/80   WITNESS MY HAND AND OFFICIAL SEAL:

Mary Lou Stigni
NOTARY PUBLIC IN AND FOR SAID STATE

PURSUANT TO THE PROVISIONS OF SECTION 66436 (C) OF THE
SUBDIVISION MAP ACT THE FOLLOWING SIGNATURES HAVE BEEN OMITTED:
1. GENERAL TELEPHONE COMPANY OF CALIFORNIA, HOLDER OF AN EASE-
   MENT RECORDED IN BOOK 7329, PAGE 892 OF OFFICIAL RECORDS.
2. SOUTHERN CALIFORNIA EDISON CO., HOLDER OF AN EASEMENT RECORDED
   IN BOOK 9004, PAGE 722 OF OFFICIAL RECORDS.

PURSUANT TO THE PROVISIONS OF SECTION 66414 (f) OF THE SUBDIVISION
MAP ACT, A SOILS REPORT BY BRUCE A. PACKARD R.C.E. NO. 13401 DATED
FEBRUARY 13, 1979 HAS BEEN PREPARED FOR THIS SUBDIVISION,
THIS REPORT AND ANY SUPPLEMENTS THERETO ARE ON FILE WITH THE
CITY OF HUNTINGTON BEACH- BUILDING DEPARTMENT.

SCO SEPTIC SERVICE
17721 MITCHELL SOUTH
IRVINE, CALIF. 92714

## ENGINEER'S CERTIFICATE

I, J.M. MADOLE _____ DO HEREBY CERTIFY THAT
I AM REGISTERED CIVIL ENGINEER NO. 14814 OF THE STATE OF
CALIFORNIA, THAT THIS MAP CONSISTING OF 2 SHEETS AND
THAT THE TRUE AND COMPLETE SURVEY WAS MADE IN NOVEMBER, 1978 BY
WHICH IT CORRECTLY REPRESENTS THE SURVEY MADE BY ME OR UNDER
MY DIRECTION; THAT THE MONUMENTS ARE OF THE CHARACTER AND
OCCUPY THE POSITIONS INDICATED, OR WILL BE SET IN SUCH
POSITIONS WITHIN NINETY DAYS AFTER THE ACCEPTANCE OF
IMPROVEMENTS; AND THAT SAID MONUMENTS ARE SUFFICIENT TO
ENABLE THE SURVEY TO BE RETRACED.

J.M. Madole
R.C.E. NO. 14814

## CITY ENGINEER'S CERTIFICATE

I HEREBY CERTIFY THAT I HAVE EXAMINED THIS MAP AND HAVE FOUND IT TO BE
SUBSTANTIALLY IN CONFORMANCE WITH THE TENTATIVE MAP AS FILED WITH,
AMENDED AND APPROVED BY THE CITY PLANNING COMMISSION; THAT ALL PROVISIONS
OF THE SUBDIVISION MAP ACT AND CITY SUBDIVISION REGULATIONS HAVE BEEN
COMPLIED WITH AND I AM SATISFIED SAID MAP IS TECHNICALLY CORRECT.

DATED THIS 26th DAY OF July, 1979.

RONALD L. LACHER
ACTING CITY ENGINEER
OF HUNTINGTON BEACH.

BY Ronald L. Lacher

## CITY CLERK'S CERTIFICATE

STATE OF CALIFORNIA }
COUNTY OF ORANGE } SS

I HEREBY CERTIFY THAT THIS MAP WAS PRESENTED FOR APPROVAL TO THE CITY
COUNCIL OF THE CITY OF HUNTINGTON BEACH AT A REGULAR MEETING THEREOF
HELD ON THE 6TH DAY OF August, 1979, AND THAT THEREUPON
SAID COUNCIL DID, BY AN ORDER DULY PASSED AND ENTERED, APPROVE SAID MAP
AND DID ACCEPT ON BEHALF OF THE PUBLIC THE DEDICATION
FOR STREET PURPOSES OF: EDINGER AVENUE.
AND DID ALSO ACCEPT ON BEHALF OF THE CITY OF HUNTINGTON BEACH:
1. VEHICULAR ACCESS RIGHTS TO EDINGER AVENUE AS RELEASED AND RELINQUISHED.
2. THE DOMESTIC WATER SYSTEM AND APPURTENANCES AS DEDICATED.
3. THE SUBSURFACE WATER RIGHTS AS DEDICATED.
4. ACCESS OVER PRIVATE STREETS AS DEDICATED FOR WATER SYSTEM
   MAINTENANCE.
AND DID ALSO APPROVE SUBJECT MAP PURSUANT TO THE PROVISIONS OF SECTION
66436(C)(1) OF THE SUBDIVISION MAP ACT.

DATED THIS 7th DAY OF AUGUST, 1979

ALICIA M. WENTWORTH
CITY CLERK OF HUNTINGTON BEACH

BY Betty J. Tate DEPUTY

## PLANNING DIRECTOR CERTIFICATE

I, JAMES W. PALIN, ACTING SECRETARY TO THE PLANNING COMMISSION
OF THE CITY OF HUNTINGTON BEACH, ORANGE COUNTY, CALIFORNIA, DO
HEREBY CERTIFY THAT I HAVE EXAMINED THE WITHIN MAP AND FOUND IT TO BE
SUBSTANTIALLY THE SAME AS THE TENTATIVE MAP FILED WITH, AMENDED
AND APPROVED BY THE CITY PLANNING COMMISSION.

DATED THIS 6TH DAY OF August, 1979.

James W. Palin
SECRETARY TO THE PLANNING COMMISSION

## COUNTY TAX COLLECTOR'S CERTIFICATE

I HEREBY CERTIFY THAT ACCORDING TO THE RECORDS OF MY OFFICE THERE
ARE NO LIENS AGAINST THE LAND COVERED BY THIS MAP OR ANY PART THEREOF
FOR UNPAID STATE, COUNTY, MUNICIPAL OR LOCAL TAXES OR SPECIAL ASSESS-
MENTS COLLECTED AS TAXES, EXCEPT TAXES OR SPECIAL ASSESSMENTS COLLECT-
ED AS TAXES NOT YET PAYABLE.

DATED THIS 9TH DAY OF August, 1979

ROBERT L. CITRON
COUNTY TAX COLLECTOR-
TREASURER

BY J. Nicoletta DEPUTY
COLLECTOR

## COUNTY SURVEYOR'S CERTIFICATE

I HEREBY CERTIFY THAT I HAVE EXAMINED THIS MAP AND HAVE FOUND THAT
ALL MAPPING PROVISIONS OF THE SUBDIVISION MAP ACT HAVE BEEN COMPLIED
WITH AND I AM SATISFIED SAID MAP IS TECHNICALLY CORRECT RELATIVE TO
THE TRACT MAP BOUNDARY.

DATED THIS 17TH DAY OF Aug, 1979

C. R. NELSON
COUNTY SURVEYOR

BY Robert V. Wise DEPUTY

## COUNTY CLERK'S TAX CERTIFICATE

STATE OF CALIFORNIA }
COUNTY OF ORANGE } SS

I HEREBY CERTIFY TO THE RECORDER OF ORANGE COUNTY THAT THE PROVISIONS
OF THE SUBDIVISION MAP ACT HAVE BEEN COMPLIED WITH REGARDING DEPOSITS
TO SECURE THE PAYMENT OF TAXES OR SPECIAL ASSESSMENTS COLLECTED AS
TAXES ON THE LAND COVERED BY THIS MAP.

DATED THIS 14TH DAY OF August, 1979

JUNE ALEXANDER
CLERK OF THE BOARD

BY June Alexander

456   49

456  50



# TRACT NO. 10542

IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA.

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | JAMIE LYNN GALLIAN | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Central District of California

Case number: 8:24-bk-12267-SC
(If known)

☐ Check if this is an amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt

**04/22**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

### Part 1: Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: Space 365 2014 Skyline Custom Villa<br>Line from Schedule A/B: 1.1 | $ 539,000.00 | ☑ $ 600,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **CCP § 704.930; CCP § 704.740(a)**<br>CCP §704.730(a)<br>CCP §704.720(a)<br>**CCP § 704.710** |
| Brief description: 2020 Kia Sportage<br>Line from Schedule A/B: 3.1 | $ 3,000.00 | ☑ $ 3,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | CCP §704.010 |
| Brief description: Household Goods; Fu<br>Line from Schedule A/B: 6.1 | $ 2,500.00 | ☑ $ 2,500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | CCP §704.020 |

3. **Are you claiming a homestead exemption of more than $189,050?**
   (Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☐ No

   ☑ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

   　☑ No

   　☐ Yes

Debtor 1      JAMIE LYNN GALLIAN
              First Name    Middle Name      Last Name

Case number (if known) 8:24-bk-12267-SC

## Part 2:  Additional Page

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption* | |
| **Brief description:** Electronics<br>**Line from Schedule A/B:** 7.1 | $ 1,000.00 | ☑ $ 1,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | CCP §704.020 |
| **Brief description:** Collectibles Figures<br>**Line from Schedule A/B:** 8.1 | $ 1,500.00 | ☑ $ 1,500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | CCP §704.040 |
| **Brief description:** Exercise-Treadmill<br>**Line from Schedule A/B:** 9.1 | $ 250.00 | ☑ $ 250.00<br>☐ 100% of fair market value, up to any applicable statutory limit | CCP §704.020 |
| **Brief description:** General Clothing<br>**Line from Schedule A/B:** 11.1 | $ 500.00 | ☑ $ 500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | CCP §704.020 |
| **Brief description:** Costume Jewelry, wat<br>**Line from Schedule A/B:** 12.1 | $ 500.00 | ☑ $ 500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | CCP §704.040 |
| **Brief description:** 2 Dogs Terriers<br>**Line from Schedule A/B:** 13.1 | $ 25.00 | ☑ $ 25.00<br>☐ 100% of fair market value, up to any applicable statutory limit | CCP §704.020 |
| **Brief description:** Crystal glasses, vase<br>**Line from Schedule A/B:** 14.1 | $ 1,000.00 | ☑ $ 1,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | CCP §704.040 |
| **Brief description:** IRA Fidelity<br>**Line from Schedule A/B:** 21.1 | $ 7,800.00 | ☑ $ 7,800.00<br>☐ 100% of fair market value, up to any applicable statutory limit | CCP §704.115(a)(1), (2)(b) |
| **Brief description:** Checking Alliant C.U.<br>**Line from Schedule A/B:** 17.1 | $ 1,010.00 | ☑ $ 1,010.00<br>☐ 100% of fair market value, up to any applicable statutory limit | CCP § 704.220 |
| **Brief description:** Chase<br>**Line from Schedule A/B:** 17.2 | $ 300.00 | ☑ $ 300.00<br>☐ 100% of fair market value, up to any applicable statutory limit | CCP § 704.220 |
| **Brief description:** **Covid19 Rent Relief**<br>**Line from Schedule A/B:** —— | $ 24,301.55 | ☑ $ 24,301.55<br>☐ 100% of fair market value, up to any applicable statutory limit | **Presidential Executive Orders** |
| **Brief description:** ——<br>**Line from Schedule A/B:** —— | $ | ☐ $<br>☐ 100% of fair market value, up to any applicable statutory limit | |



**Task Status Changed for Tenant: Rent & Utility Assistance**

Neighborly Software <no-reply@neighborlysoftware.com>
To: jamiegallian@gmail.com

Sat, Jul 31, 2021 at 8:45 AM

Status changed from *Active* to *Complete*

Case Name: Gallian, Jamie
Case Id: 328768

Task Status: Active
Task Subject: Application is incomplete.
Task Due Date: 8/2/2021
Task Details: Please provide recent signed lease or most recent rent ledger.

Thank you,
Alondra
Task Owner(s): Jamie Gallian - jamiegallian@gmail.com
Task Follower(s): Alondra Diaz - alondra.diaz@ca-rentrelief.com

Click here to login: https://homelp-ca.neighborlysoftware.com/CaliforniaCovid19RentRelief/participant

**Jamie Gallian** 
Fwd: agreement re covid relief and unpaid amounts ledger
July 30, 2021 at 11:45 AM
OC Services

Begin forwarded message:

**From:** james casello <jhctlex@yahoo.com>
**Subject: Fw: agreement re covid relief and unpaid amounts ledger**
**Date:** July 30, 2021 at 11:15:17 AM PDT
**To:** Jamie Gallian <jamiegallian@gmail.com>

Please sign and email back to me.  Thanks, Jim

    James H. Casello
Casello & Lincoln, Attorneys at Law
525 N. Cabrillo Park Drive Suite 104
Santa Ana, CA 92701
(714) 541-8700;  Fax. (714) 541-8707


----- Forwarded Message -----
**From:** Vivienne Alston <valston@aadlawyers.com>
**To:** 'jhctlex@yahoo.com' <jhctlex@yahoo.com>
**Sent:** Friday, July 30, 2021, 11:01:32 AM PDT
**Subject:** agreement re covid relief and unpaid amounts ledger


James:

Please find attached to this email the ledger  of the unpaid amounts for Space 376 and the
agreement regarding the application.


Sincerely,

Vivienne J. Alston

Alston, Alston & Diebold

27201 Puerta Real, Suite 300

Mission Viejo, CA 92691

Telephone: (714) 556-9400


**From:** info2@aadlawyers.com <info2@aadlawyers.com>
**Sent:** Friday, July 30, 2021 10:50 AM
**To:** Vivienne Alston <valston@aadlawyers.com>
**Subject:** Scan Data from [XRX9C934E629521]

Rancho Del Rey Mobile Home Estates
16222 Monterey Ln. OFC
Huntington Beach, CA 92649
(714)846-1429

## Unpaid Amounts - Rent & Utilities
### Billing Period: 4/1/2020 - 8/1/2021

**Name:** Gallian, Jamie
**Space:** SPC 376

|  | Charged Total | Paid | Due | % |
|---|---|---|---|---|
| Rent | $24,460.00 | $0.00 | $24,460.00 | 0.00% |
| Electric | $1,379.42 | $0.00 | $1,379.42 | 0.00% |
| Gas | $718.20 | $0.00 | $718.20 | 0.00% |
| Water | $387.61 | $0.00 | $387.61 | 0.00% |
| Sewer | $338.25 | $0.00 | $338.25 | 0.00% |
| Garbage | $322.50 | $0.00 | $322.50 | 0.00% |
| Utility Total | $3,145.98 | $0.00 | $3,145.98 | 0.00% |
| All Charges | $27,605.98 | $0.00 | $27,605.98 | 0.00% |

**Monthly Breakdown Amounts Due**

| Date | Rent | Electric | Gas | Water | Sewer | Trash | Total |
|---|---|---|---|---|---|---|---|
| 4/1/2020 | 1,420.00 | 75.01 | 36.89 | 11.30 | 22.55 | 18.64 | 1,584.39 |
| 5/1/2020 | 1,420.00 | 87.12 | 40.34 | 11.60 | 22.55 | 18.64 | 1,600.25 |
| 6/1/2020 | 1,420.00 | 79.67 | 36.61 | 11.30 | 22.55 | 18.64 | 1,588.77 |
| 7/1/2020 | 1,420.00 | 91.66 | 46.06 | 20.63 | 22.55 | 18.64 | 1,619.54 |
| 8/1/2020 | 1,420.00 | 86.44 | 42.92 | 24.17 | 22.55 | 21.99 | 1,618.07 |
| 9/1/2020 | 1,420.00 | 97.45 | 47.43 | 23.86 | 22.55 | 19.27 | 1,630.56 |
| 10/1/2020 | 1,420.00 | 76.20 | 29.99 | 18.42 | 22.55 | 18.65 | 1,585.81 |
| 11/1/2020 | 1,420.00 | 93.83 | 38.25 | 20.73 | 22.55 | 18.65 | 1,614.01 |
| 12/1/2020 | 1,420.00 | 91.67 | 34.57 | 20.27 | 22.55 | 19.33 | 1,608.39 |
| 1/1/2021 | 1,460.00 | 63.07 | 21.95 | 16.10 | 22.55 | 19.33 | 1,603.00 |
| 2/1/2021 | 1,460.00 | 85.57 | 97.27 | 28.09 | 22.55 | 18.23 | 1,711.71 |
| 3/1/2021 | 1,460.00 | 65.65 | 71.17 | 20.73 | 22.55 | 18.23 | 1,658.33 |
| 4/1/2021 | 1,460.00 | 62.95 | 65.01 | 19.80 | 22.55 | 18.89 | 1,649.20 |
| 5/1/2021 | 1,460.00 | 42.71 | 44.82 | 11.09 | 22.55 | 18.32 | 1,599.49 |
| 6/1/2021 | 1,460.00 | 91.64 | 29.53 | 26.76 | 22.55 | 19.55 | 1,650.03 |
| 7/1/2021 | 1,460.00 | 77.49 | 17.85 | 46.88 | 0.00 | 18.05 | 1,620.27 |
| 8/1/2021 | 1,460.00 | 111.29 | 17.54 | 55.88 | 0.00 | 19.45 | 1,664.16 |

**Payment History**

| Date | Reference | Amount |
|---|---|---|



DOCX

agreement re

Remittance Info:     Inv #L-328768-182460

**CA COVID-19 Rent Relief Program**
2020 West El Camino Avenue
Sacramento, CA 95833
8334302122

JPMorgan Chase Bank, N.A.               0058066665
Verify: 888-237-9615
90-7162/3222

11/8/2021

PAY TO THE
ORDER OF        HOUSER BROS. CO.                                        $ 24301.55

Twenty-Four Thousand Three Hundred One and 55/100                          DOLLARS

0032519     01 AB 0.438  **AUTO   T5 2 5292 99649/227699   -C11-P22541-J          VOID AFTER 90 DAYS

HOUSER BROS. CO.
16222 MONTEREY LN OFC
HUNTINGTON BEACH, CA 92649-2276

*John Rettig*

⑈"0058066665"⑈ ⑉322271627⑉: 215376176⑈"

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **JAMIE LYNN GALLIAN** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **Central District of California**

Case number (If known)    **8:24-BK-12267-SC**

☐ Check if this is an amended filing

Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).**

1. **Do any creditors have claims secured by your property?**
   ☑ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   ☐ Yes. Fill in all of the information below.

## Part 1: List All Secured Claims

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | **Column A**<br>Amount of claim<br>Do not deduct the value of collateral. | **Column B**<br>Value of collateral that supports this claim | **Column C**<br>Unsecured portion<br>If any |
|---|---|---|---|

**2.1**

| | |
|---|---|
| Creditor's Name | **Describe the property that secures the claim:** |
| Number    Street | |
| | **As of the date you file, the claim is:** Check all that apply. |
| | ☐ Contingent |
| | ☐ Unliquidated |
| City    State    ZIP Code | ☐ Disputed |
| **Who owes the debt?** Check one. | **Nature of lien.** Check all that apply. |
| ☐ Debtor 1 only | ☐ An agreement you made (such as mortgage or secured car loan) |
| ☐ Debtor 2 only | |
| ☐ Debtor 1 and Debtor 2 only | ☐ Statutory lien (such as tax lien, mechanic's lien) |
| ☐ At least one of the debtors and another | ☐ Judgment lien from a lawsuit |
| ☐ Check if this claim relates to a community debt | ☐ Other (including a right to offset) _____ |
| Date debt was incurred _____ | Last 4 digits of account number __ __ __ __ |

Column A: $_____   Column B: $_____   Column C: $_____

**2.2**

| | |
|---|---|
| Creditor's Name | **Describe the property that secures the claim:** |
| Number    Street | |
| | **As of the date you file, the claim is:** Check all that apply. |
| | ☐ Contingent |
| | ☐ Unliquidated |
| City    State    ZIP Code | ☐ Disputed |
| **Who owes the debt?** Check one. | **Nature of lien.** Check all that apply. |
| ☐ Debtor 1 only | ☐ An agreement you made (such as mortgage or secured car loan) |
| ☐ Debtor 2 only | |
| ☐ Debtor 1 and Debtor 2 only | ☐ Statutory lien (such as tax lien, mechanic's lien) |
| ☐ At least one of the debtors and another | ☐ Judgment lien from a lawsuit |
| ☐ Check if this claim relates to a community debt | ☐ Other (including a right to offset) _____ |
| Date debt was incurred _____ | Last 4 digits of account number __ __ __ __ |

Column A: $_____   Column B: $_____   Column C: $_____

Add the dollar value of your entries in Column A on this page. Write that number here:    $_____

**Fill in this information to identify your case:**

Debtor 1   JAMIE LYNN GALLIAN
          First Name      Middle Name      Last Name

Debtor 2
(Spouse, if filing)  First Name    Middle Name    Last Name

United States Bankruptcy Court for the:  Central District of California

Case number   8:24-BK-12267-SC
(If known)

☐ Check if this is an amended filing

## Official Form 106E/F

## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Property* (Official Form 106A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 106G). Do not include any creditors with partially secured claims that are listed in *Schedule D: Creditors Who Have Claims Secured by Property*. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. On the top of any additional pages, write your name and case number (if known).

### Part 1:   List All of Your PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims against you?**
   ☐ No. Go to Part 2.
   ☑ Yes.

2. **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

   (For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

|  | | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|

**2.1**
JANINE B.JASSO
Priority Creditor's Name
P.O. BOX 370161
Number      Street
EL PASO, TX 79937

City                State      ZIP Code

**Who incurred the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

**Is the claim subject to offset?**
☐ No
☐ Yes

Last 4 digits of account number  6  7  8  5      $ **13,200**      $_____   $_____

**When was the debt incurred?**  04/18/2018

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of PRIORITY unsecured claim:**
☐ Domestic support obligations
☐ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☑ Other. Specify  CJ ATTY FEES TIENERT;AJ # 2021000348287
Last 4 digits of account number ___ ___ ___ ___

**2.2**
ROBERT MCLELLAND
Priority Creditor's Name
21792 ANZA AVENUE
Number      Street

TORRANCE  CA  92503
City            State      ZIP Code

**Who incurred the debt?** Check one.
☒ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

**Is the claim subject to offset?**
☐ No
☐ Yes

$ **5,000.00**  $_____   $_____

**When was the debt incurred?**  04/01/2023

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of PRIORITY unsecured claim:**
☐ Domestic support obligations
☐ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☑ Other. Specify  B/O KIA FINANCE LEASE
PERS. LOAN

Debtor 1    JAMIE LYNN GALLIAN
　　　　　First Name　　Middle Name　　Last Name
Case number *(if known)* 8:24-BK-12267-SC

| Part 2: | List All of Your NONPRIORITY Unsecured Claims |
| --- | --- |

3. **Do any creditors have nonpriority unsecured claims against you?**

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

☑ Yes

4. **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

**Total claim**

**4.1**    Houser Bros Co. a CA LP dba Rancho Del Rey
Nonpriority Creditor's Name

16222 Monterey Ln. [OFFICE]
Number　　Street

| Huntington Beach | CA | 92649 |
| --- | --- | --- |
| City | State | ZIP Code |

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**
☐ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___

$ 0.00

**When was the debt incurred?**　　_____

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify NO JUDGMENTS

---

**4.2**    Houser Brothers LLC
Nonpriority Creditor's Name

16222 Monterey Ln. [OFFICE]
Number　　Street

| Huntington Beach | CA | 92649 |
| --- | --- | --- |
| City | State | ZIP Code |

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**
☐ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___

$ 0.00

**When was the debt incurred?**　　_____

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify NO JUDGMENTS

---

**4.3**    Huntington Beach Gables Homeowners Assoc.
Nonpriority Creditor's Name

10200 WILLOW CREEK RD STE 100
Number　　Street

| SAN DIEGO | CA | 92131 |
| --- | --- | --- |
| City | State | ZIP Code |

**Who incurred the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**
☐ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___

$ 319,654.00

**When was the debt incurred?** 05/16/2019

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify JUDGMENT #165259

---

Debtor 1    JAMIE LYNN GALLIAN

First Name    Middle Name    Last Name

Case number *(if known)* 8:24-BK-12267-SC

**Part 2:    Your NONPRIORITY Unsecured Claims — Continuation Page**

After listing any entries on this page, number them beginning with 4.4, followed by 4.5, and so forth.    Total claim

---

**4.4**

Huntington Beach Gables Homeowners Assoc.
Nonpriority Creditor's Name

10200 WILLOW CREEK RD STE 100
Number    Street

SAN DIEGO          CA        92131
City                      State      ZIP Code

**Who incurred the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

☐ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___

**When was the debt incurred?**  12/18/2018

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  JUDGMENT #467142

$ 46,138.00

---

**4.5**

Huntington Beach Gables Homeowners Assoc.
Nonpriority Creditor's Name

10200 WILLOW CREEK RD STE 100
Number    Street

SAN DIEGO          CA        92131
City                      State      ZIP Code

**Who incurred the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

☐ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___

**When was the debt incurred?**  05/03/2019

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify  JUDGMENT #148568

$ 9,265.00

---

**4.6**

Huntington Beach Gables Homeowners Assoc.
Nonpriority Creditor's Name

10200 WILLOW CREEK RD STE 100
Number    Street

SAN DIEGO          CA        92131
City                      State      ZIP Code

**Who incurred the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

☑ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___

**When was the debt incurred?**  11/19/2019

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  JUDGMENT #435011

$ 3,070.00

---

Debtor 1    JAMIE LYNN GALLIAN
First Name    Middle Name    Last Name

Case number (if known) 8:24-BK-12267-SC

| Part 3: | List Others to Be Notified About a Debt That You Already Listed |
|---|---|

5.  **Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2.** For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

Janine B. Jasso, Esq.
Name

P.O. Box 37106
Number    Street

El Paso,    TX    79937
City    State    ZIP Code

**On which entry in Part 1 or Part 2 did you list the original creditor?**

Line __4.4__ of  (Check one): ☐ Part 1: Creditors with Priority Unsecured Claims
☑ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number  ___ ___ ___ ___

---

Jennifer Paulin
Name

4446 Aldeerport Dr.
Number    Street

Huntington Beach    CA    92649
City    State    ZIP Code

**On which entry in Part 1 or Part 2 did you list the original creditor?**

Line __4.4__ of  (Check one): ☐ Part 1: Creditors with Priority Unsecured Claims
☑ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number  ___ ___ ___ ___

---

Lee Gragnano
Name

16062 Warmington Ln.
Number    Street

Huntington Beach    CA    92649
City    State    ZIP Code

**On which entry in Part 1 or Part 2 did you list the original creditor?**

Line __4.4__ of  (Check one): ☐ Part 1: Creditors with Priority Unsecured Claims
☑ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number  ___ ___ ___ ___

---

Lindy Beck
Name

4443 Chase Dr.
Number    Street

Huntington Beach    CA    92649
City    State    ZIP Code

**On which entry in Part 1 or Part 2 did you list the original creditor?**

Line __4.4__ of  (Check one): ☐ Part 1: Creditors with Priority Unsecured Claims
☑ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number  ___ ___ ___ ___

---

Lori Burrett
Name

16107 Sherlock
Number    Street

Huntington Beach    CA    92649
City    State    ZIP Code

**On which entry in Part 1 or Part 2 did you list the original creditor?**

Line __4.4__ of  (Check one): ☐ Part 1: Creditors with Priority Unsecured Claims
☑ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number  ___ ___ ___ ___

---

Ted Phillips
Name

17612 Sandra Lee
Number    Street

Huntington Beach    CA    92649
City    State    ZIP Code

**On which entry in Part 1 or Part 2 did you list the original creditor?**

Line __4.4__ of  (Check one): ☐ Part 1: Creditors with Priority Unsecured Claims
☑ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number  ___ ___ ___ ___

---

Gordon Reese Scully Mansukhani
Name

633 W. 5th Street 52nd Floor
Number    Street

Los Angeles    CA    90071
City    State    ZIP Code

**On which entry in Part 1 or Part 2 did you list the original creditor?**

Line __4.4__ of  (Check one): ☐ Part 1: Creditors with Priority Unsecured Claims
☑ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number  ___ ___ ___ ___

Debtor 1    **JAMIE LYNN GALLIAN**
First Name    Middle Name    Last Name

Case number (if known) 8:24-BK-12267-SC

| **Part 3:** | **List Others to Be Notified About a Debt That You Already Listed** |
|---|---|

5. **Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.**

---

**ALSTON, ALSTON DIEBOLD**
Name

27201 PUERTA REAL STE,. 300
Number    Street

MISSION VIEJO    CA    92691
City    State    ZIP Code

On which entry in Part 1 or Part 2 did you list the original creditor?

Line 4.1 of (Check one): ☐ Part 1: Creditors with Priority Unsecured Claims
4.2    ☑ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number __ __ __ __

---

**GOE, FORSTHE & HODGES**
Name

17701 COWAN STE. 210 BLDG D
Number    Street

IRVINE    CA    92614
City    State    ZIP Code

On which entry in Part 1 or Part 2 did you list the original creditor?

Line 4.3 of (Check one): ☐ Part 1: Creditors with Priority Unsecured Claims
4.4, 4.5, 4.6    ☑ Part 2: Creditors with Nonpriority Unsecured
Claims

Last 4 digits of account number __ __ __ __

---

**MARSHACK HAYS**
Name

870 ROOSEVELT
Number    Street

IRVINE    CA    92620
City    State    ZIP Code

On which entry in Part 1 or Part 2 did you list the original creditor?

Line 4.1, 4.6 of (Check one): ☐ Part 1: Creditors with Priority Unsecured Claims
☑ Part 2: Creditors with Nonpriority Unsecured
Claims

Last 4 digits of account number __ __ __ __

---

**DANNING, GILL, ISRAEL & KRASNOFF**
Name

1901 AVENUE OF THE STARS STE. 450
Number    Street

LOS ANGELES    CA    90067
City    State    ZIP Code

On which entry in Part 1 or Part 2 did you list the original creditor?

Line _____ of (Check one): ☐ Part 1: Creditors with Priority Unsecured Claims
☑ Part 2: Creditors with Nonpriority Unsecured
Claims

Last 4 digits of account number __ __ __ __

---

**JEFFREY I GOLDEN**
Name

650 TOWN CENTER DRIVE STE. 950
Number    Street

COSTA MESA    CA    92626
City    State    ZIP Code

On which entry in Part 1 or Part 2 did you list the original creditor?

Line _____ of (Check one): ☐ Part 1: Creditors with Priority Unsecured Claims
☑ Part 2: Creditors with Nonpriority Unsecured
Claims

Last 4 digits of account number __ __ __ __

---

Name

Number    Street

City    State    ZIP Code

On which entry in Part 1 or Part 2 did you list the original creditor?

Line _____ of (Check one): ☐ Part 1: Creditors with Priority Unsecured Claims
☑ Part 2: Creditors with Nonpriority Unsecured
Claims

Last 4 digits of account number __ __ __ __

---

Name

Number    Street

City    State    ZIP Code

On which entry in Part 1 or Part 2 did you list the original creditor?

Line _____ of (Check one): ☐ Part 1: Creditors with Priority Unsecured Claims
☑ Part 2: Creditors with Nonpriority Unsecured
Claims

Last 4 digits of account number __ __ __ __

---

Debtor 1   __JAMIE LYNN GALLIAN_____   Case number *(if known)* 8:24-BK-12267-SC
          First Name    Middle Name    Last Name

**Part 4:    Add the Amounts for Each Type of Unsecured Claim**

6. **Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. § 159.**
   **Add the amounts for each type of unsecured claim.**

|  | | Total claim |
|---|---|---|
| **Total claims from Part 1** | 6a. **Domestic support obligations** | 6a. $ 0.00 |
| | 6b. **Taxes and certain other debts you owe the government** | 6b. $ 0.00 |
| | 6c. **Claims for death or personal injury while you were intoxicated** | 6c. $ 0.00 |
| | 6d. **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. + $ 0.00 |
| | 6e. **Total.** Add lines 6a through 6d. | 6e. $ 0.00 |

|  | | Total claim |
|---|---|---|
| **Total claims from Part 2** | 6f. **Student loans** | 6f. $ 0.00 |
| | 6g. **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. $ 0.00 |
| | 6h. **Debts to pension or profit-sharing plans, and other similar debts** | 6h. $ 0.00 |
| | 6i. **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. + $ 0.00 |
| | 6j. **Total.** Add lines 6f through 6i. | 6j. $ 0.00 |

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor | JAMIE LYNN GALLIAN | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Central District of California

Case number
(if known)   8:24-BK-12267-SC

☐ Check if this is an
amended filing

Official Form 106G

# Schedule G: Executory Contracts and Unexpired Leases          12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).**

1. **Do you have any executory contracts or unexpired leases?**

   ☑ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.

   ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Property* (Official Form 106A/B).

2. **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

   **Person or company with whom you have the contract or lease**          **State what the contract or lease is for**

2.1

   Name

   Number    Street

   City          State    ZIP Code

2.2

   Name

   Number    Street

   City          State    ZIP Code

2.3

   Name

   Number    Street

   City          State    ZIP Code

2.4

   Name

   Number    Street

   City          State    ZIP Code

2.5

   Name

   Number    Street

   City          State    ZIP Code

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | JAMIE LYNN GALLIAN | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Central District of California

Case number    8:24-BK-12267-SC
(if known)

☐ Check if this is an
amended filing

## Official Form 106H

# Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

1. **Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

   ☑ No

   ☐ Yes

2. **Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

   ☐ No. Go to line 3.

   ☑ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

       ☐ No

       ☑ Yes. In which community state or territory did you live? CALIFORNIA _____. Fill in the name and current address of that person.

         RONALD J. PIERPONT
         Name of your spouse, former spouse, or legal equivalent

         16222 MONTEREY LN. UNIT 376
         Number    Street

         HUNTINGTON BEACH    CA    92649
         City      State      ZIP Code

3. **In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on *Schedule D* (Official Form 106D), *Schedule E/F* (Official Form 106E/F), or *Schedule G* (Official Form 106G). Use *Schedule D, Schedule E/F, or Schedule G* to fill out Column 2.**

Column 1: **Your codebtor**

Column 2: **The creditor to whom you owe the debt**

Check all schedules that apply:

| 3.1 | | |
|---|---|---|
| Name | | ☐ Schedule D, line _____ |
| | | ☐ Schedule E/F, line _____ |
| Number   Street | | ☐ Schedule G, line _____ |
| City    State    ZIP Code | | |

| 3.2 | | |
|---|---|---|
| Name | | ☐ Schedule D, line _____ |
| | | ☐ Schedule E/F, line _____ |
| Number   Street | | ☐ Schedule G, line _____ |
| City    State    ZIP Code | | |

| 3.3 | | |
|---|---|---|
| Name | | ☐ Schedule D, line _____ |
| | | ☐ Schedule E/F, line _____ |
| Number   Street | | ☐ Schedule G, line _____ |
| City    State    ZIP Code | | |

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | JAMIE LYNN GALLIAN | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Central District of California

Case number 8:24-BK-12267-SC
(if known)

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

MM / DD / YYYY

Official Form 106I

# Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:   Describe Employment

1. Fill in your employment information.

If you have more than one job, attach a separate page with information about additional employers.

Include part-time, seasonal, or self-employed work.

Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| Employment status | | ☑ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| Occupation | | MOTOR COACH DRIVER | |
| Employer's name | | Transportation Charter Services | |
| Employer's address | | 1931 N. Batavia | |
| | | Number   Street | Number   Street |
| | | Orange       CA       92865 | |
| | | City       State   ZIP Code | City       State   ZIP Code |
| How long employed there? | | 6 months | |

## Part 2:   Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|
| 2. List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $   2,200.00 | $ |
| 3. Estimate and list monthly overtime pay. | 3. + $   500.00 | + $ |
| 4. Calculate gross income. Add line 2 + line 3. | 4. $   2,700.00 | $ |

Debtor 1    JAMIE LYNN GALLIAN
_____
First Name    Middle Name    Last Name

Case number (if known) 8:24-BK-12267-SC

|  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|
| Copy line 4 here................................................ → 4. | $ 2,700.00 | $ |

5. List all payroll deductions:

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. Tax, Medicare, and Social Security deductions | 5a. | $ 250.00 | $ |
| 5b. Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ |
| 5c. Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ |
| 5d. Required repayments of retirement fund loans | 5d. | $ 0.00 | $ |
| 5e. Insurance | 5e. | $ 0.00 | $ |
| 5f. Domestic support obligations | 5f. | $ 0.00 | $ |
| 5g. Union dues | 5g. | $ 0.00 | $ |
| 5h. Other deductions. Specify: _____ | 5h. +$ 0.00 | + $ |
| 6. Add the payroll deductions. Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g + 5h. | 6. | $ 250.00 | $ |
| 7. Calculate total monthly take-home pay. Subtract line 6 from line 4. | 7. | $ 2,450.00 | $ |

8. List all other income regularly received:

8a. **Net income from rental property and from operating a business, profession, or farm**

Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.

| | | | |
|---|---|---|---|
| | 8a. | $ 0.00 | $ |
| 8b. Interest and dividends | 8b. | $ 0.00 | $ |

8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**

Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.

| | | | |
|---|---|---|---|
| | 8c. | $ 0.00 | $ |
| 8d. Unemployment compensation | 8d. | $ 0.00 | $ |
| 8e. Social Security | 8e. | $ 0.00 | $ |

8f. **Other government assistance that you regularly receive**

Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.

Specify: _____

| | | | |
|---|---|---|---|
| | 8f. | $ 0.00 | $ |
| 8g. Pension or retirement income | 8g. | $ 0.00 | $ |
| 8h. Other monthly income. Specify: HOUSEMATE | 8h. +$ 1,500.00 | + $ |

| 9. Add all other income. Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h. | 9. | $ 1,500.00 | $ |
|---|---|---|---|

| 10. Calculate monthly income. Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 3,950.00 + | $ | = | $ 3,950.00 |
|---|---|---|---|---|---|

11. State all other regular contributions to the expenses that you list in *Schedule J.*

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

Specify: MAKE AND SELL FLORAL BOUQUETS; VOLUME INCREASES @ HOLIDAYS    11. + $ 500.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Your Assets and Liabilities and Certain Statistical Information*, if it applies    12.    $ 4,450.00

Combined monthly income

13. Do you expect an increase or decrease within the year after you file this form?

☑ No.

☐ Yes. Explain: _____

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | JAMIE LYNN GALLIAN | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Central District of California

Case number 8:24-BK-12267-SC
(If known)

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13
    expenses as of the following date:

    _____
    MM / DD / YYYY

Official Form 106J

# Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Your Household

1.  **Is this a joint case?**

    ☑ No.  Go to line 2.
    ☐ Yes. **Does Debtor 2 live in a separate household?**

        ☐ No
        ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household of Debtor 2.*

2.  **Do you have dependents?**          ☑ No

    Do not list Debtor 1 and          ☐ Yes. Fill out this information for
    Debtor 2.                              each dependent.........................

    Do not state the dependents'
    names.

| | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|
| | _____ | _____ | ☐ No ☐ Yes |
| | _____ | _____ | ☐ No ☐ Yes |
| | _____ | _____ | ☐ No ☐ Yes |
| | _____ | _____ | ☐ No ☐ Yes |
| | _____ | _____ | ☐ No ☐ Yes |

3.  **Do your expenses include**     ☑ No
    **expenses of people other than**  ☐ Yes
    **yourself and your dependents?**

## Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

**Your expenses**

4.  **The rental or home ownership expenses for your residence.** Include first mortgage payments and
    any rent for the ground or lot.                                                          4.   $_____ 1,325.00

    If not included in line 4:

    4a.   Real estate taxes                                                      4a.  $_____ 25.00

    4b.   Property, homeowner's, or renter's insurance                          4b.  $_____ 25.00

    4c.   Home maintenance, repair, and upkeep expenses                         4c.  $_____ 10.00

    4d.   Homeowner's association or condominium dues                           4d.  $_____ 0.00

Debtor 1  JAMIE LYNN GALLIAN
          First Name   Middle Name   Last Name

Case number *(if known)* 8:24-BK-12267-SC

|  | | Your expenses |
|---|---|---|
| 5. **Additional mortgage payments for your residence**, such as home equity loans | 5. | $ 0.00 |
| 6. **Utilities:** | | |
| 6a.  Electricity, heat, natural gas | 6a. | $ 60.00 |
| 6b.  Water, sewer, garbage collection | 6b. | $ 20.00 |
| 6c.  Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ 125.00 |
| 6d.  Other. Specify: 0 | 6d. | $ 0.00 |
| 7. **Food and housekeeping supplies** | 7. | $ 300.00 |
| 8. **Childcare and children's education costs** | 8. | $ 0.00 |
| 9. **Clothing, laundry, and dry cleaning** | 9. | $ 0.00 |
| 10. **Personal care products and services** | 10. | $ 25.00 |
| 11. **Medical and dental expenses** | 11. | $ 0.00 |
| 12. **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ 200.00 |
| 13. **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ 10.00 |
| 14. **Charitable contributions and religious donations** | 14. | $ 0.00 |
| 15. **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| 15a.  Life insurance | 15a. | $ 0.00 |
| 15b.  Health insurance | 15b. | $ 0.00 |
| 15c.  Vehicle insurance | 15c. | $ 75.00 |
| 15d.  Other insurance. Specify: CAR REGISTRATION | 15d. | $ 10.00 |
| 16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16. | $ 0.00 |
| 17. **Installment or lease payments:** | | |
| 17a.  Car payments for Vehicle 1 | 17a. | $ 0.00 |
| 17b.  Car payments for Vehicle 2 | 17b. | $ 0.00 |
| 17c.  Other. Specify: | 17c. | $ 0.00 |
| 17d.  Other. Specify: 0 | 17d. | $ 0.00 |
| 18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. | $ 0.00 |
| 19. **Other payments you make to support others who do not live with you.** Specify: | 19. | $ 0.00 |
| 20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.** | | |
| 20a.  Mortgages on other property | 20a. | $ 0.00 |
| 20b.  Real estate taxes | 20b. | $ 0.00 |
| 20c.  Property, homeowner's, or renter's insurance | 20c. | $ 0.00 |
| 20d.  Maintenance, repair, and upkeep expenses | 20d. | $ 0.00 |
| 20e.  Homeowner's association or condominium dues | 20e. | $ 0.00 |

Debtor 1  __JAMIE LYNN GALLIAN_____    Case number *(if known)*  8:24-BK-12267-SC_____
First Name    Middle Name    Last Name

21. **Other**. Specify: _____    21.   +$_____0.0_0__

22. **Calculate your monthly expenses.**

22a. Add lines 4 through 21.    22a.   $_____2,210.00

22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2    22b.   $_____0.00

22c. Add line 22a and 22b. The result is your monthly expenses.    22c.   $_____2,210.00

23. **Calculate your monthly net income.**

23a. Copy line 12 (*your combined monthly income*) from *Schedule I.*    23a.

23b. Copy your monthly expenses from line 22c above.    23b.   $_____2210.00

23c. Subtract your monthly expenses from your monthly income.
The result is your *monthly net income.*    23c.   $_____2,240.00

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your
mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☐ No.

☑ Yes.    Explain here:
POTENTIAL INCREASE, SPACE 376, FOR GROUND LEASE UPON 90 DAYS REQUIRED NOTICE TO
REGISTERED OWNER.
DEBTOR HAS NOT RECEIVED ANY STATUTORY NOTICE OF INCREASE OF SPACE 376 RENT, SINCE
TENANCY AND OCCUPANCY OF SPACE 376 IN NOVEMBER 2018 BEGAN.
LAST PUBLISHED BASE RENT FOR SP.ACE 376 ACCORDING TO PARK OPERATOR WAS $1086.00.
1/1/2019 NEW HOMES PLACED IN THE PARK SPACE RENT WAS $1325.00.

# CHASE ◯

## Terms and Conditions (Remitter and Payee):

* Please keep this copy for your record of the transaction
* The laws of a specific state will consider these funds to be "abandoned"
  if the Cashier's Check is not cashed by a certain time
  - Please cash/deposit this Cashier's Check as soon as possible to
    prevent this from occurring
  - In most cases, the funds will be considered "abandoned"
    before the "Void After" Date
* Placing a Stop Payment on a Cashier's Check
  - Stop Payment can only be placed if the Cashier's Check
    is lost, stolen, or destroyed
  - We may not re-issue or refund the funds after the stop payment has
    been placed until 90 days after the original check was issued
* Please visit a Chase branch to report a lost, stolen, or destroyed Cashier's Check
  or for any other information about this item

**FOR YOUR PROTECTION SAVE THIS COPY**        **Customer Copy**

### CASHIER'S CHECK                              1085751455

09/11/2024
Void after 7 years

**Remitter:**   JAMIE LYNN GALLIAN

$** 1,086.00 **

**Pay To The**   RANCHO DEL REY MOBILE HOME ESTATES
**Order Of:**    SPACE 376

Memo:-----------------------------------------        Drawer:  **JPMORGAN CHASE BANK, N.A.**
Note: For information only. Comment has no effect on bank's payment.    **NON NEGOTIABLE**

282111107 6/2023 8810004306

HOLD DOCUMENT AT ANGLE TO VIEW ARTIFICIAL WATERMARK ON BACK    **CASHIER'S CHECK**    HOLD DOCUMENT AT ANGLE TO VIEW ARTIFICIAL WATERMARK ON B.

# CHASE ◯                                   1085751455   91-2
                                                          1221
                                   Date   09/11/2024   Void after 7 years

**Remitter:**   JAMIE LYNN GALLIAN

**Pay To The**   RANCHO DEL REY MOBILE HOME ESTATES
**Order Of:**    SPACE 376

**Pay:**   ONE THOUSAND EIGHTY SIX DOLLARS AND 00 CENTS        $** 1,086.00 **

Drawer:  **JPMORGAN CHASE BANK, N.A.**

*Rebecca Griffin*

Do not write outside this box
TENDERED TO RDR PARK OFICE FOR SPACE 376, CH.
13, FILED 9/9/24 CASE NO. 8:24-BK-12267

Rebecca Griffin, Chief Administrative Officer
Memo:-----------------------------------------    JPMorgan Chase Bank, N.A.
Note: For information only. Comment has no effect on bank's payment.    Phoenix, AZ

⑈1085751455⑈ ⑆1221000 24⑆ 806002234⑈

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | JAMIE LYNN GALLIAN |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | Central District of California |
| Case number (if known) | 8:24-BK-12267-SC |

☐ Check if this is an amended filing

## Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Sign Below

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

☑ No

☐ Yes.  Name of person_____.  Attach Bankruptcy Petition Preparer's Notice, Declaration, and Signature (Official Form 119).

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

✗ /s/ Jamie Lynn Gallian
Signature of Debtor 1

✗ _____
Signature of Debtor 2

Date 09/16/2024
MM / DD / YYYY

Date _____
MM / DD / YYYY

Declaration About an Individual Debtor's Schedules

Fill in this information to identify your case:

Debtor 1    Jamie Lynn Gallian
            First Name          Middle Name          Last Name

Debtor 2
(Spouse, if filing)  First Name          Middle Name          Last Name

United States Bankruptcy Court for the:  Central District of California

Case number  8:24-bk-12267-SC
(If known)

Check as directed in lines 17 and 21:

According to the calculations required by this Statement:

☑ 1. Disposable income is not determined under 11 U.S.C. § 1325(b)(3).

☐ 2. Disposable income is determined under 11 U.S.C. § 1325(b)(3).

☑ 3. The commitment period is 3 years.

☐ 4. The commitment period is 5 years.

☐ Check if this is an amended filing

## Official Form 122C–1

# Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period

10/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

### Part 1:    Calculate Your Average Monthly Income

1. **What is your marital and filing status?** Check one only.

   ☑ **Not married.** Fill out Column A, lines 2–11.

   ☐ **Married.** Fill out both Columns A and B, lines 2–11.

   Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|
| 2. **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 2,700.00 | $ |
| 3. **Alimony and maintenance payments.** Do not include payments from a spouse. | $ 0.00 | $ |
| 4. **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Do not include payments from a spouse. Do not include payments you listed on line 3. | $ 1,500.00 | $ |

5. **Net income from operating a business, profession, or farm**

| | Debtor 1 | Debtor 2 | | | |
|---|---|---|---|---|---|
| Gross receipts (before all deductions) | $00.00 | $ | | | |
| Ordinary and necessary operating expenses | – $ | – $ | | | |
| Net monthly income from a business, profession, or farm | $00.00 | $ | Copy here➔ | $ 500.00 | $ |

6. **Net income from rental and other real property**

| | Debtor 1 | Debtor 2 | | | |
|---|---|---|---|---|---|
| Gross receipts (before all deductions) | $ 0.00 | $ | | | |
| Ordinary and necessary operating expenses | – $ 0.00 | – $ | | | |
| Net monthly income from rental or other real property | $ 0.00 | $ | Copy here➔ | $ 0.00 | $ |

| Debtor 1 | Jamie Lynn Gallian | | Case number (if known) 8:24-bk-12267-SC |
|---|---|---|---|
| | First Name    Middle Name    Last Name | | |

| | | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 7. | **Interest, dividends, and royalties** | $ 0.00 | $ |
| 8. | **Unemployment compensation** | $ 0.00 | $ |
| | Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here: ...................... ↓ | | |
| | For you ................................................................. | $ 0.00 | |
| | For your spouse ..................................................... | $ | |
| 9. | **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. Also, except as stated in the next sentence, do not include any compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If you received any retired pay paid under chapter 61 of title 10, then include that pay only to the extent that it does not exceed the amount of retired pay to which you would otherwise be entitled if retired under any provision of title 10 other than chapter 61 of that title. | $ 0.00 | $ |
| 10. | **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act; payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism; or compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If necessary, list other sources on a separate page and put the total below. | | |
| | _____ | $ 0.00 | $ |
| | _____ | $ 0.00 | $ |
| | Total amounts from separate pages, if any. | + $ 0.00 | + $ |
| 11. | **Calculate your total average monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B. | $ 4,700.00 + $ | = $ 4,700.00<br>**Total average monthly income** |

---

**Part 2:   Determine How to Measure Your Deductions from Income**

12. Copy your total average monthly income from line 11. ......................................................................... $ 4,700.00

13. **Calculate the marital adjustment.** Check one:

☑ You are not married. Fill in 0 below.

☐ You are married and your spouse is filing with you. Fill in 0 below.

☐ You are married and your spouse is not filing with you.

Fill in the amount of the income listed in line 11, Column B, that was NOT regularly paid for the household expenses of you or your dependents, such as payment of the spouse's tax liability or the spouse's support of someone other than you or your dependents.

Below, specify the basis for excluding this income and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page.

If this adjustment does not apply, enter 0 below.

| | | |
|---|---|---|
| _____ | $ | |
| _____ | $ | |
| _____ | + $ | |
| Total ..................................................................... | $ 0.00   Copy here ➡ | — 0.00 |

14. **Your current monthly income.** Subtract the total in line 13 from line 12.        $ 4,700.00

| Debtor 1 | Jamie Lynn Gallian | Case number *(if known)* 8:24-bk-12267-SC |
|---|---|---|
| | First Name    Middle Name    Last Name | |

**15. Calculate your current monthly income for the year.** Follow these steps:

15a. Copy line 14 here ➡ ..................................................................................... $ 4,700.00

Multiply line 15a by 12 (the number of months in a year).    x 12

15b. The result is your current monthly income for the year for this part of the form. ............................... $ 56,400.00

**16. Calculate the median family income that applies to you.** Follow these steps:

16a. Fill in the state in which you live.    CA

16b. Fill in the number of people in your household.    1

16c. Fill in the median family income for your state and size of household. ...................................................... $ 71,861.00
To find a list of applicable median income amounts, go online using the link specified in the separate
instructions for this form. This list may also be available at the bankruptcy clerk's office.

**17. How do the lines compare?**

17a. ☑ Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under
11 U.S.C. § 1325(b)(3).* **Go to Part 3.** Do NOT fill out *Calculation of Your Disposable Income* (Official Form 122C–2).

17b. ☐ Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under
11 U.S.C. § 1325(b)(3).* **Go to Part 3 and fill out Calculation of Your Disposable Income (Official Form 122C–2).**
On line 39 of that form, copy your current monthly income from line 14 above.

| Part 3: | Calculate Your Commitment Period Under 11 U.S.C. § 1325(b)(4) |
|---|---|

**18. Copy your total average monthly income from line 11.** ...................................................................... $ 4,700.00

**19. Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you contend that
calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's income, copy
the amount from line 13.
19a. If the marital adjustment does not apply, fill in 0 on line 19a. ........................................................ – $ 0.00

19b. **Subtract line 19a from line 18.**    $ 4,700.00

**20. Calculate your current monthly income for the year.** Follow these steps:

20a. Copy line 19b. ..................................................................................................................... $ 4,700.00

Multiply by 12 (the number of months in a year).    x 12

20b. The result is your current monthly income for the year for this part of the form.    $ 56,400.00

20c. Copy the median family income for your state and size of household from line 16c. ........................... $ 71,861.00

**21. How do the lines compare?**

☑ Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3,
*The commitment period is 3 years.* Go to Part 4.

☐ Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form,
check box 4, *The commitment period is 5 years.* Go to Part 4.

| Debtor 1 | Jamie Lynn Gallian | | | Case number *(if known)* 8:24-BK-12267-SC |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| Part 4: | Sign Below |
|---|---|

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

✗ /s/ Jamie Lynn Gallian                                                      ✗

Signature of Debtor 1                                                      Signature of Debtor 2

Date 09/16/2024                                                      Date
     MM / DD  / YYYY                                                           MM /  DD   / YYYY

If you checked 17a, do NOT fill out or file Form 122C–2.

If you checked 17b, fill out Form 122C–2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **JAMIE LYNN GALLIAN** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name          Middle Name          Last Name |

United States Bankruptcy Court for the: Central District of California

Case number **8:24-BK-12267-SC**
(if known)

☐ Check if this is an amended filing

## Official Form 107

# Statement of Financial Affairs for Individuals Filing for Bankruptcy

04/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Give Details About Your Marital Status and Where You Lived Before

**1. What is your current marital status?**

☐ Married
☑ Not married

**2. During the last 3 years, have you lived anywhere other than where you live now?**

☑ No
☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1: | Dates Debtor 1 lived there | Debtor 2: | | Dates Debtor 2 lived there |
|---|---|---|---|---|
| | | ☐ Same as Debtor 1 | | ☐ Same as Debtor 1 |
| Number    Street | From _____ To _____ | Number   Street | | From _____ To _____ |
| City          State  ZIP Code | | City         State  ZIP Code | | |
| | | ☐ Same as Debtor 1 | | ☐ Same as Debtor 1 |
| Number    Street | From _____ To _____ | Number   Street | | From _____ To _____ |
| City          State  ZIP Code | | City          State    ZIP Code | | |

**3. Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

☐ No
☑ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

### Part 2:   Explain the Sources of Your Income

Debtor 1    **JAMIE LYNN GALLIAN**

First Name    Middle Name    Last Name

Case number *(if known)* 8:24-BK-12267-SC

---

4. **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

☐ No
☑ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | Sources of income<br>Check all that apply. | Gross income<br>(before deductions and exclusions) | Sources of income<br>Check all that apply. | Gross income<br>(before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | ☑ Wages, commissions, bonuses, tips<br>☐ Operating a business | $ | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | $ |
| **For last calendar year:**<br>(January 1 to December 31, 2023 )<br>YYYY | ☑ Wages, commissions, bonuses, tips<br>☐ Operating a business | $ | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | $ |
| **For the calendar year before that:**<br>(January 1 to December 31, 2022 )<br>YYYY | ☑ Wages, commissions, bonuses, tips<br>☐ Operating a business | $ | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | $ |

5. **Did you receive any other income during this year or the two previous calendar years?**
Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

☐ No
☑ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | Sources of income<br>Describe below. | Gross income from each source<br>(before deductions and exclusions) | Sources of income<br>Describe below. | Gross income from each source<br>(before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | Disability Income | $<br>$<br>$ | | $<br>$<br>$ |
| **For last calendar year:**<br>(January 1 to December 31, 2023 )<br>YYYY | Wages | $<br>$<br>$ | | $<br>$<br>$ |
| **For the calendar year before that:**<br>(January 1 to December 31, 2022 )<br>YYYY | Unemployment | $<br>$<br>$ | | $<br>$<br>$ |

Debtor 1    **JAMIE LYNN GALLIAN**
First Name    Middle Name    Last Name

Case number *(if known)*  8:24-BK-12267-SC

---

**Part 3:**  **List Certain Payments You Made Before You Filed for Bankruptcy**

6. **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

☐ No. **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $7,575* or more?

☐ No. Go to line 7.

☐ Yes. List below each creditor to whom you paid a total of $7,575* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

* Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.

☑ Yes. **Debtor 1 or Debtor 2 or both have primarily consumer debts.**

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

☑ No. Go to line 7.

☐ Yes. List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| | Dates of payment | Total amount paid | Amount you still owe | Was this payment for... |
|---|---|---|---|---|
| Creditor's Name | _____ | $_____ | $_____ | ☐ Mortgage ☐ Car |
| Number    Street | _____ | | | ☐ Credit card ☐ Loan repayment |
| | _____ | | | ☐ Suppliers or vendors |
| City    State    ZIP Code | | | | ☐ Other _____ |
| Creditor's Name | _____ | $_____ | $_____ | ☐ Mortgage ☐ Car |
| Number    Street | _____ | | | ☐ Credit card ☐ Loan repayment |
| | _____ | | | ☐ Suppliers or vendors |
| City    State    ZIP Code | | | | ☐ Other _____ |
| Creditor's Name | _____ | $_____ | $_____ | ☐ Mortgage ☐ Car |
| Number    Street | _____ | | | ☐ Credit card ☐ Loan repayment |
| | _____ | | | ☐ Suppliers or vendors |
| City    State    ZIP Code | | | | ☐ Other _____ |

---

| Debtor 1 | JAMIE LYNN GALLIAN | | | Case number *(if known)* 8:24-BK-12267-SC |
| | First Name    Middle Name    Last Name | | | |

7.  **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
    *Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

☑ No

☐ Yes. List all payments to an insider.

| | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|
| Insider's Name | | $ | $ | |
| Number    Street | | | | |
| | | | | |
| City        State    ZIP Code | | | | |
| Insider's Name | | $ | $ | |
| Number    Street | | | | |
| | | | | |
| City        State    ZIP Code | | | | |

8.  **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
    Include payments on debts guaranteed or cosigned by an insider.

☑ No

☐ Yes. List all payments that benefited an insider.

| | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
|---|---|---|---|---|
| Insider's Name | | $ | $ | |
| Number    Street | | | | |
| | | | | |
| City        State    ZIP Code | | | | |
| Insider's Name | | $ | $ | |
| Number    Street | | | | |
| | | | | |
| City        State    ZIP Code | | | | |

Debtor 1   **JAMIE LYNN GALLIAN**                              Case number (if known) **8:24-BK-12267-SC**
         First Name    Middle Name    Last Name

**Part 4:    Identify Legal Actions, Repossessions, and Foreclosures**

9.  **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
    List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications,
    and contract disputes.

    ☐ No
    ☑ Yes. Fill in the details.

| | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| **1.** Case title **Houser Bros Co vs** | UD filed 1/2/2019 | **Superior Court, State of California** <br> Court Name | ☑ Pending |
| **Jamie Gallian** | Remains Unprosecuted for <br> over 5-1/2 years | **700 Civic Center Drive W** <br> Number   Street | ☐ On appeal <br> ☐ Concluded |
| Case number **30-2019-01041423** | | **Santa Ana,    CA    92701** <br> City    State    ZIP Code | |
| **2.** Case title **Houser Bros Co vs** | UD filed 3/28/2023 | **Superior Court, State of California** <br> Court Name | ☑ Pending |
| **Jamie Gallian** | Remains Unprosecuted for <br> over 18 months | **700 Civic Center Drive W** <br> Number   Street | ☐ On appeal <br> ☐ Concluded |
| Case number **30-2023-01316057** | | **Santa Ana,    CA    92701** <br> City    State    ZIP Code | **HOA Gables <br> Dismissed Debtor on** |

**3. Randall Nickel vs Huntington Beach Gables HOA  OCSC 30-2020-0113055. Dbt. was a cross-defendant.  8/13/2024**

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
    Check all that apply and fill in the details below.

    ☑ No. Go to line 11.
    ☐ Yes. Fill in the information below

| | Describe the property | Date | Value of the property |
|---|---|---|---|
| | | _____ | $_____ |
| Creditor's Name | | | |
| Number   Street | **Explain what happened** | | |
| | ☐ Property was repossessed. | | |
| | ☐ Property was foreclosed. | | |
| | ☐ Property was garnished. | | |
| City          State   ZIP Code | ☐ Property was attached, seized, or levied. | | |
| | Describe the property | Date | Value of the property |
| | | _____ | $_____ |
| Creditor's Name | | | |
| Number   Street | **Explain what happened** | | |
| | ☐ Property was repossessed. | | |
| | ☐ Property was foreclosed. | | |
| | ☐ Property was garnished. | | |
| City          State   ZIP Code | ☐ Property was attached, seized, or levied. | | |

Debtor 1    **JAMIE LYNN GALLIAN**       Case number *(if known)* 8:24-BK-12267-SC

First Name    Middle Name    Last Name

---

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

☑ No

☐ Yes. Fill in the details.

| | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|
| Creditor's Name | | | $ |
| Number    Street | | | |
| | | | |
| City    State    ZIP Code | Last 4 digits of account number: XXXX–___ ___ ___ ___ | | |

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

☒ No

☐ Yes

---

**Part 5:**    **List Certain Gifts and Contributions**

---

13. **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

☑ No

☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| Person to Whom You Gave the Gift | | | $ |
| | | | $ |
| Number    Street | | | |
| City    State    ZIP Code | | | |
| Person's relationship to you _____ | | | |

| Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| Person to Whom You Gave the Gift | | | $ |
| | | | $ |
| Number    Street | | | |
| City    State    ZIP Code | | | |
| Person's relationship to you _____ | | | |

---

Official Form 107      **Statement of Financial Affairs for Individuals Filing for Bankruptcy**      page 6

Debtor 1    **JAMIE LYNN GALLIAN**              Case number (if known) 8:24-BK-12267-SC
       First Name     Middle Name      Last Name

14. **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

☑ No

☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600 | Describe what you contributed | Date you contributed | Value |
|---|---|---|---|
| | | | $ |
| Charity's Name | | | $ |
| Number   Street | | | |
| City    State    ZIP Code | | | |

## Part 6:    List Certain Losses

15. **Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

☑ No

☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br><br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property.* | Date of your loss | Value of property lost |
|---|---|---|---|
| | | | $ |

## Part 7:    List Certain Payments or Transfers

16. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☑ No

☐ Yes. Fill in the details.

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Person Who Was Paid | | | |
| Number   Street | | | $ |
| | | | $ |
| City    State    ZIP Code | | | |
| Email or website address | | | |
| Person Who Made the Payment, if Not You | | | |

Debtor 1    **JAMIE LYNN GALLIAN**
First Name    Middle Name    Last Name                Case number *(if known)* 8:24-BK-12267-SC

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Person Who Was Paid | | _____ | $_____ |
| Number    Street | | _____ | $_____ |
| | | | |
| City    State    ZIP Code | | | |
| Email or website address | | | |
| Person Who Made the Payment, If Not You | | | |

17. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

☑ No
☐ Yes. Fill in the details.

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Person Who Was Paid | | _____ | $_____ |
| Number    Street | | _____ | $_____ |
| City    State    ZIP Code | | | |

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property).
Do not include gifts and transfers that you have already listed on this statement.

☑ No
☐ Yes. Fill in the details.

| | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| Person Who Received Transfer | | | _____ |
| Number    Street | | | |
| City    State    ZIP Code | | | |
| Person's relationship to you _____ | | | |
| Person Who Received Transfer | | | _____ |
| Number    Street | | | |
| City    State    ZIP Code | | | |
| Person's relationship to you _____ | | | |

Official Form 107    **Statement of Financial Affairs for Individuals Filing for Bankruptcy**    page 8

Debtor 1   JAMIE LYNN GALLIAN
First Name   Middle Name   Last Name

Case number *(if known)* 8:24-BK-12267-SC

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices*.)

☑ No
☐ Yes. Fill in the details.

| | Description and value of the property transferred | Date transfer was made |
|---|---|---|
| Name of trust _____ | | _____ |
| _____ | | |

---

**Part 8:   List Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units**

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

☑ No
☐ Yes. Fill in the details.

| | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| Name of Financial Institution _____ <br> Number   Street _____ <br> _____ <br> City   State   ZIP Code | XXXX–___ __ __ __ | ☐ Checking <br> ☐ Savings <br> ☐ Money market <br> ☐ Brokerage <br> ☐ Other_____ | _____ | $_____ |
| Name of Financial Institution _____ <br> Number   Street _____ <br> _____ <br> City   State   ZIP Code | XXXX–___ __ __ __ | ☐ Checking <br> ☐ Savings <br> ☐ Money market <br> ☐ Brokerage <br> ☐ Other_____ | _____ | $_____ |

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

☑ No
☐ Yes. Fill in the details.

| | Who else had access to it? | Describe the contents | Do you still have it? |
|---|---|---|---|
| | | | ☐ No <br> ☐ Yes |
| Name of Financial Institution _____ <br> Number   Street _____ <br> _____ <br> City   State   ZIP Code | Name _____ <br> Number   Street _____ <br> _____ <br> City   State   ZIP Code | | |

Debtor 1    JAMIE LYNN GALLIAN
First Name    Middle Name    Last Name

Case number (if known) 8:24-BK-12267-SC

**22. Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

☑ No
☐ Yes. Fill in the details.

| | Who else has or had access to it? | Describe the contents | Do you still have it? |
|---|---|---|---|
| | | | ☐ No |
| Name of Storage Facility | Name | | ☐ Yes |
| Number    Street | Number    Street | | |
| | City State  ZIP Code | | |
| City    State    ZIP Code | | | |

## Part 9:    Identify Property You Hold or Control for Someone Else

**23. Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

☑ No
☐ Yes. Fill in the details.

| | Where is the property? | Describe the property | Value |
|---|---|---|---|
| Owner's Name | | | $ |
| Number    Street | Number    Street | | |
| City    State    ZIP Code | City    State    ZIP Code | | |

## Part 10:    Give Details About Environmental Information

For the purpose of Part 10, the following definitions apply:

- *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

- *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

- *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

**24. Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Fill in the details.

| | Governmental unit | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| Name of site | Governmental unit | | |
| Number    Street | Number    Street | | |
| City    State    ZIP Code | City    State    ZIP Code | | |

Debtor 1    JAMIE LYNN GALLIAN    Case number (if known) 8:24-BK-12267-SC

First Name    Middle Name    Last Name

**25. Have you notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Fill in the details.

|  | Governmental unit | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| Name of site | Governmental unit | | |
| Number    Street | Number    Street | | |
| | City    State    ZIP Code | | |
| City    State    ZIP Code | | | |

**26. Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ No

☐ Yes. Fill in the details.

|  | Court or agency | Nature of the case | Status of the case |
|---|---|---|---|
| Case title _____ | Court Name | | ☐ Pending |
| | Number    Street | | ☐ On appeal |
| Case number | City    State    ZIP Code | | ☐ Concluded |

---

**Part 11:    Give Details About Your Business or Connections to Any Business**

**27.** Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

☑ A member of a limited liability company (LLC) or limited liability partnership (LLP)

☐ A partner in a partnership

☐ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

☐ No. None of the above applies. Go to Part 12.

☑ Yes. Check all that apply above and fill in the details below for each business.

| J-Pad LLC - Cancelled CA SOS | Describe the nature of the business | Employer identification number Do not include Social Security number or ITIN. |
|---|---|---|
| Business Name | | |
| 16222 Monterey Ln. Unit 376 | Manage | EIN: __ __ - __ __ __ __ __ __ __ |
| Number    Street | | |
| | Name of accountant or bookkeeper | Dates business existed |
| Huntington Beach CA    92649 | N/A | From 2/9/18 To 11/22/2021 |
| City    State    ZIP Code | | |

| J-Sandcastle Co LLC Cancelled CA SOS | Describe the nature of the business | Employer identification number Do not include Social Security number or ITIN. |
|---|---|---|
| Business Name | | |
| 16222 Monterey Ln. Unit 376 | Manage | EIN: __ __ - __ __ __ __ __ __ __ |
| Number    Street | | |
| | Name of accountant or bookkeeper | Dates business existed |
| Huntington Beach CA    92649 | N/A | From 10/19/2018 To 11/22/2021 |
| City    State    ZIP Code | | |

Debtor 1    JAMIE LYNN GALLIAN                                      Case number (if known) 8:24-BK-12267-SC
_____
First Name    Middle Name    Last Name

| | Describe the nature of the business | Employer Identification number |
| --- | --- | --- |
| Business Name | | Do not include Social Security number or ITIN. |
| | | EIN: __ __ - __ __ __ __ __ __ __ |
| Number   Street | Name of accountant or bookkeeper | Dates business existed |
| | | From _____ To 11/22/2021 |
| City        State    ZIP Code | | |

**28. Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

☑ No

☐ Yes. Fill in the details below.

Date issued

Name

MM / DD / YYYY

Number   Street

City        State    ZIP Code

## Part 12:    Sign Below

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✖ /s/ Jamie Lynn Gallian                              ✖ _____
Signature of Debtor 1                                   Signature of Debtor 2

Date 09/16/2024                                        Date _____

Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?

☑ No

☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?

☑ No

☐ Yes. Name of person_____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| JAMIE LYNN GALLIAN<br>16222 MONTEREY LN. SP. 376<br>HUNTINGTON BEACH, CA 92649<br>714-321-3449<br>JAMIEGALLIAN@GMAIL.COM | |
| ☒ Debtor(s) appearing without attorney<br>☐ Attorney for Debtor | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>JAMIE LYNN GALLIAN | CASE NO.: 8:24-BK-12267-SC |
|---|---|
| | CHAPTER: 13 |
| | **VERIFICATION OF MASTER MAILING LIST OF CREDITORS**<br><br>**[LBR 1007-1(a)]** |
| Debtor(s). | |

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of ___ sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date:  09/16/2024

/S/ JAMIE LYNN GALLIAN
Signature of Debtor 1

Date: _____

_____
Signature of Debtor 2 (joint debtor) (if applicable)

Date: _____

_____
Signature of Attorney for Debtor (if applicable)

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California

December 2015                                        **F 1007-1.MAILING.LIST.VERIFICATION**

BS Investors, LP
GHB Investors ; Hugh Saddington,
18201 Von Karman Ste 450
Irvine, CA 92612

Gordon Rees Scully & Mansukhani
633 W 5th Street, 52nd Floor
Los Angeles, CA 90071

Houser Brothers, LLC
16222 Monterey Ln.  [Office]
Huntington Beach, CA 92649

Houser Bros. Co, a CA
Limited Partnership, DBA Rancho
Del Rey Mobilehome Estates
16222 Monterey Ln.  [Office]
Huntington Beach, CA 92649

Houser Company, a CA
General Partnership
16222 Monterey Ln.  [Office]
Huntington Beach, CA 92649

Huntington Beach Gables
Homeowners Association Epsten
10200 Willow Creek Rd. Ste.100
San Diego, CA 92131

Huntington Beach Gables
Homeowners Association
Feldsott & Lee
23131 Mill Creek Rd. Ste. 300
Laguna Hills, CA 92653

Janine B. Jasso, Esq.
P. O. Box 37106
El Paso, TX. 79937

Jamie Lynn Gallian
16222 Monterey Ln Unit #376
Huntington Beach, CA 92649

Franchise Tax Board
PIT Bankruptcy MS: A-340
P.O. Box 2952
Sacramento, CA 95812-2952

Internal Revenue Service
PO Bo.x 7346
Philadelphia, PA 19101-7346

Jennifer Paulin
4446 Alderport Dr.
Huntington Beach, CA 92649

Lee Gragnano
16062 Warmington Ln.
Huntington Beach, CA 92649

Lindy Beck
4443 Chase Dr.
Huntington Beach, CA 92649

Lori Burrett
16107 Sherlock Ln.
Huntington Beach, CA 92649

Lisa T. Ryan
20949 Lassen St. Apt 208
Chattsworth, CA 91311

LPL Asset Management – GHB Investors
Hugh Saddington, General Partner
18201 Von Karman Ste 450
Irvine, CA 92612

Orange County Tax Assessor
P.O. Box 149
Santa Ana, CA 92701

Patricia Ryan
20949 Lassen St. Apt 208 Chattsworth,
CA 91311

Robert Goe
Goe, Forsythe & Hodges LLP
17701 Cowan, Ste. 210, Building D
Irvine, CA 92614

Vivienne J. Alston
Alston, Alston & Diebold
27201 Puerta Real Ste. 300
Mission Viejo, CA 92691